Mayoe Porter Buster RIDLEY, Appellee,

v.

PHILLIPS PETROLEUM COMPANY, Appellant.

No. 682-69.

United States Court of Appeals, Tenth Circuit.

May 28, 1970.

Rehearing Denied July 22, 1970.

C. J. Roberts, Amarillo, Tex. (Wm. J. Zeman, Lloyd G. Minter, Bartlesville, Okl., Edward J. Fauss, Oklahoma City, Okl., and Charles E. Daniels, Amarillo, Tex., with him on the brief), for appellant.

Bryan L. Wright, of Dale, Belanger & Wright, Guymon, Okl., for appellee.

Before LEWIS, Chief Judge, BREITENSTEIN and SETH, Circuit Judges.

SETH, Circuit Judge.

This is a continuation of litigation begun in the United States District Court for the Western District of Oklahoma in 1955 wherein the court entered a judgment enjoining the appellant, Phillips Petroleum Company, from disconnecting the appellee's gas line:

"* * * connecting their water well irrigating the Northeast Quarter (NE/4) Section Twenty-Eight (28), Township Two (2) North, Range Fifteen (15) East, Cimarron Meridian, Texas County, Oklahoma, with defendant's [appellant's] producing gas well, known as the Mayoe Well, located on said land; and from refusing or failing to permit the use and purchase by plaintiffs [appellees] at a reasonable price, during the continuance of such irrigation, from gas produced on said land, of such amount of natural gas as is reasonably necessary for such irrigation on said land."

This court affirmed that judgment in Phillips Petroleum Co. v. Buster, 241 F.2d 178 (10th Cir.).

On April 3, 1969, Phillips Petroleum Company filed a motion to dissolve the injunction. Phillips asserted two basic propositions in its motion. The first is that there have been substantial changes in circumstances since the injunction was first issued which require its dissolution. Phillips sought to show that there are

now other sources of gas available to the appellee with which to irrigate the property involved, that the appellee is the only party to whom Phillips is supplying natural gas for irrigation purposes and that this places an undue burden on Phillips in that it requires special handling of appellee's account. Phillips' second contention is that the injunction should be dissolved because the appellee has abused the process of the court in refusing to pay a reasonable price for the gas taken and in failing to render an accurate reporting of the amounts of gas consumed. Although not raised in its motion, Phillips introduced evidence at the hearing on its motion to show that the appellee is using the gas from the Mayoe Well to irrigate the Northwest Quarter (NW/4) of Section Twenty-Seven (27), Township Two (2) North, Range Fifteen (15) East, Texas County, Oklahoma, in addition to the Northeast Quarter of Section 28. Phillips contends that the use of gas to irrigate the Northwest Quarter of Section 27 constitutes a further abuse of the court's process in that this use is beyond the scope of the original injunction.

The appellee introduced evidence at the hearing on Phillips' motion to show that she had held the Northwest Quarter of Section 27 under lease since before the original action in 1955, and that both the Northeast Quarter of Section 28 and the Northwest Quarter of Section 27 had been operated as a single farm unit and irrigated since that time. Testimony was also introduced showing that both parcels of land were leveled for irrigation at the same time and that they have both been irrigated continuously from the well which is operated by gas supplied from the Mayoe Well referred to in the court's order in 1954.

In the present proceedings the trial court found as fact that the irrigation well drilled on the Northwest Quarter of Section 28 has been used to irrigate both the Northeast Quarter of Section 28 and the Northwest Quarter of Section 27 since the case was first heard in 1954. The court also found that the appellee

had in good faith estimated and reported the volume of gas consumed and that there is currently no other source of power that would be as inexpensive as that supplied by Phillips at the wellhead price.

The court then concluded that the original order was clearly intended to require Phillips to permit the appellee to use as much gas as is reasonably necessary for the operation of the well, and that the original injunction was not intended to limit the use of the well to irrigate only the Northeast Quarter of Section 28. The court also concluded that there were no substantial violations of the terms of the original order which would require its dissolution, and that there has been no substantial change of conditions which would require modification or dissolution.

In addition to its motion to dissolve the injunction, Phillips filed an alternative motion to clarify the judgment with respect to the price to be paid by appellee for the gas consumed. The appellee contends that the "reasonable price" contemplated by the original order is the wellhead price. Phillips contends that a "reasonable price" is the wellhead price plus .08 mcf. additional for handling. The court below, after refusing to dissolve the injunction, concluded that the "reasonable price" contemplated by the 1955 judgment is the wellhead price.

The court below further clarified the original order by providing that the right to purchase natural gas from Phillips under the terms of the 1955 decree is one personal to the appellee and that Phillips' obligation will terminate upon the death of the appellee. Neither party objects to this provision.

On appeal to this court, Phillips asserts the position taken below and urges that the trial court erred in failing to dissolve the injunction; in interpreting the 1955 order so as to permit the appellee to utilize gas for pumping water to irrigate the Northwest Quarter of Section 27 as well as the Northeast Quarter of Section 28; and in construing the

term "reasonable price" to mean the wellhead price.

■ Accepting the findings of fact made by the court below in the equitable action, since there appears no obvious error, we come to the court's first conclusion, namely, that the facts do not justify dissolution of the injunction. The guidelines for modifying or dissolving an injunction were clearly set out by the Supreme Court of the United States in United States v. Swift & Co., 286 U.S. 106, 52 S.Ct. 460, 76 L.Ed. 999, and recently restated by the Eighth Circuit in Humble Oil & Refining Co. v. American Oil Co., 405 F.2d 803 (8th Cir.). These two cited cases hold that where a modification of an injunctive decree is sought the court should determine "whether the changes are so important that dangers, once substantial, have become attenuated to a shadow," and it must be shown that the moving party is exposed to severe hardships of extreme and unexpected nature. Thus the requested change should be approached with caution and a strong showing is required of new conditions and circumstances making the original injunction oppressive. It is clear from this statement of the law that the court below acted well within its discretion in refusing to dissolve the 1955 injunction.

■■ The more difficult question is whether the trial court acted within the limits of its discretion in concluding that the 1955 injunction did not intend to limit the appellee to the use of gas for irrigating only the Northeast Quarter of Section 28. Accepting, as we do, the court's finding that the Northeast Quarter of Section 28 and the Northwest Quarter of Section 27 have been operated as one farm unit and irrigated by the water from the same well since the time of the original proceedings in 1954–1955, and having reviewed the record and applicable cases, we conclude that the court has acted within its discretion in including what was apparently originally intended, and accordingly affirm. We similarly affirm the trial court's finding that the wellhead price is a reason-able price within the meaning of the original judgment.

■ In view of the fact that the same well, operated by gas from the Mayoe Well, has been used to irrigate both quarter sections for at least fifteen years and that Phillips Petroleum Company has had constant access to the property for that period of time coupled with the fact that the appellee owns the Northeast Quarter of Section 28 and only leases the Northwest Quarter of Section 27, the language in the 1955 judgment cannot be said to be clearly unambiguous. The trial court was therefore correct in resorting to other parts of the record for the purpose of ascertaining what was determined. Moore v. Harjo, 144 F.2d 318 (10th Cir.). The trial court specifically relied on the original court's finding of fact number 6 which reads as follows:

"6. In about January, 1953, the said Dale Lewis, being such agent and representative of Phillips Petroleum Company, represented, promised and agreed with plaintiffs that if they undertook drilling and equipping of an irrigation well on said land last hereinabove described, said Phillips Petroleum Company would provide natural gas produced by said company from said land in the amount reasonably necessary for the operation of said well. In reliance upon said representative [sic], promise and agreement, and upon the custom, practice, and policy stated in Finding No. 12, plaintiffs subsequently drilled and equipped the irrigation water well on said land at a cost of approximately $14,000, and made further expenditures for preparation of the land for irrigation and purchase of equipment for such purpose amounting to approximately $15,000; and the said Phillips Petroleum Company did, from and after about April 9, 1953, permit plaintiffs to use and purchase natural gas from the gas well on said land reasonably necessary to operate such irrigation water well."

■ We cannot say that this reliance was entirely misplaced or clearly erroneous, particularly in view of the rules laid down with regard to construction of a judgment. The record shows the well expenditures and land preparation referred to both tracts. This court has said that the purpose of construing ambiguous provisions in a judgment is to give effect to what is already latently in the judgment. Butler v. Denton, 150 F.2d 687 (10th Cir.). The Sixth Circuit has pointed out that: "Where a judgment is susceptible of two interpretations, it is the duty of the court to adopt the one which renders it more reasonable, effective and conclusive in the light of the facts and the law of the case." Pen-Ken Gas & Oil Corp. v. Warfield Natural Gas Co., 137 F.2d 871 (6th Cir.). The Seventh Circuit has held that an ambiguous judgment must be construed so as to give effect to all of its parts. Brunswick Corp. v. Chrysler Corp., 408 F.2d 335 (7th Cir.).

Phillips contends that the court below was without authority to construe the 1955 judgment as permitting the appellee to use the gas to irrigate both tracts because it contends that such a construction can only be made upon the appellee's motion and notice pursuant to Rule 60 (b) of the Federal Rules of Civil Procedure.

■ The Supreme Court of the United States laid down the rule in United States v. Swift & Co., 286 U.S. 106, 52 S.Ct. 460, that the federal courts have an inherent equitable power to modify a continuing decree of injunction. This rule continues with full vitality today so that the one-year limitation of Rule 60(b) is not applicable to the federal courts' power to modify such a continuing decree of injunction. Humble Oil & Refining Co. v. American Oil Co., 405 F.2d 803 (8th Cir.); United States v. Brown, 331 F.2d 362 (10th Cir.); City and County of Denver v. Denver Tramway Corp., 187 F.2d 410 (10th Cir.). See also, J. Moore and E. Rogers, Federal Relief From Civil Judgments, 55 Yale L.J. 623, 643.

■ As to the motion and notice requirements of Rule 60(b), the matter was before the court on Phillips' motion to vacate or modify. It was Phillips which first raised the question of whether the scope of the 1955 order was broad enough to permit the appellee to use gas to pump water for irrigating both quarter sections. Phillips cannot now claim lack of adequate notice or surprise.

The trial court having acted within the limits of its discretion in refusing to dissolve the injunction and in construing the judgment, its decision is affirmed.