**SECURITIES AND EXCHANGE COMMISSION, Appellant,**

v.

**JAN–DAL OIL & GAS, INC., and E. Dale Crabtree, Appellees.**

**No. 3–70.**

United States Court of Appeals,
Tenth Circuit.

Oct. 27, 1970.

David Ferber, Sol. (Philip A. Loomis, Jr., Gen. Counsel, Paul Gonson, Asst. Gen. Counsel, and Warren G. Stolusky, Atty., Securities & Exchange Comm., Washington, D. C., on the brief) for appellant.

Paul M. Kimball, Oklahoma City, Okl., for appellees.

Before LEWIS, Chief Judge, and HICKEY and HOLLOWAY, Circuit Judges.

LEWIS *, Chief Judge.

The Securities and Exchange Commission appeals from an order of the United States District Court for the Western District of Oklahoma setting aside a permanent injunction which had been

---

* By reassignment from Judge Hickey, who, prior to his death on September 22, 1970, heard the arguments and agreed to the result reached in the case but did not participate in the opinion.

entered against Jan-Dal Oil & Gas, Inc., and E. Dale Crabtree, with their consent, on April 11, 1968.

The Commissioner's complaint, filed on April 10, 1968, alleged that since about 1963 the defendants, Jan-Dal and E. Dale Crabtree, president of the corporation, had engaged in the sale of fractional undivided interests in oil, gas, and other mineral rights in properties located in Pottawatomie County, Oklahoma; that these securities were not registered with the Commission; and that accordingly the defendants had engaged in acts and practices constituting violations of the registration provisions of section 5 of the Securities Act of 1933, 15 U.S.C. § 77(e).

On April 11, 1968, both defendants consented to the entry of a permanent injunction. The consent decree permanently enjoined the defendants from selling or offering to sell "fractional undivided interests in oil, gas, and other mineral rights on properties situated in Pottawatomie County, Oklahoma, or elsewhere, or any other securities" in violation of the registration provisions of the Securities Act of 1933.

Eight months later, on December 12, 1968, the defendants-appellees initiated this action to dissolve the injunction that had been entered against them. The motion stated that they had abided by the first judgment entered April 11, 1968; that they were "entitled to transact their normal course of business without the continuing presence of" the injunction; and that the existence of the injunction might "cause unnecessary delay and hindrance in obtaining the approval" of a registration statement that they contemplated filing with the Commission, and might adversely affect the proposed sale of oil and gas interests.

In support of its order the trial court found or concluded that appellees had complied with the terms of the injunction in good faith and had continued their securities business with affirmative compliance with S.E.C. requirements for eight months; that the injunction was burdensome and oppressive to their business reputation and activities and that there was no reason to apprehend any further violation of the Securities Act; that sufficient changes had occurred in their business operations[1] so that reasons for imposing the original injunction no longer existed; and that the injunction imposed no duty on appellees nor granted the S.E.C. any power that was not contained within the Act itself. The S.E.C. contends that these findings and the record as a whole will not support the lower court's order under well-established judicial guidelines applicable to the issue. We agree.

This court in Ridley v. Phillips Petroleum Co., 427 F.2d 19, at 22, set forth the limitations of judicial discretion in setting aside an existing injunction thus:

> The guidelines for modifying or dissolving an injunction were clearly set out by the Supreme Court of the United States in United States v. Swift & Co., 286 U.S. 106, 52 S.Ct. 460, 76 L.Ed. 999, and recently restated by the Eighth Circuit in Humble Oil & Refining Co. v. American Oil Co., 405 F.2d 803 (8th Cir.). These two cited cases hold that where a modification of an injunctive decree is sought the court should determine "whether the changes are so important that dangers, once substantial, have become attenuated to a shadow," and it must be shown that the moving party is exposed to severe hardships of extreme and unexpected nature. Thus the requested change should be approached with caution and a strong showing is required of new conditions and circumstances making the original injunction oppressive.

These guidelines are applicable in all instances where, as here, the relief sought is escape from the impact of an injunction. United States v. United Shoe Machinery Corp., 391 U.S. 244, 88 S.Ct. 1496, 20 L.Ed.2d 562. Appellees

---

1. The court did not set out what these changes were.

have offered nothing in support of their cause except short term compliance with the law and a continuing embarrassment in their present business relationships because of an earlier dereliction. This is not enough.

The case is remanded to the district court with directions to vacate its order conditionally dissolving its injunction and to reinstate the injunction to full force and effect.