**SECURITIES AND EXCHANGE COMMISSION, Appellee,**

v.

**THERMODYNAMICS, INC., et al.,
Defendants,**

**Robert J. Strawn, Jr., Appellant.**

**No. 71–1026.**

United States Court of Appeals,
Tenth Circuit.

July 24, 1972.

Rehearing Denied Aug. 28, 1972.

458

John M. Cogswell, Denver, Colo., for appellant.

Walter P. North, Associate Gen. Counsel, S.E.C. (Philip A. Loomis, Jr., Gen. Counsel, Jacob H. Stillman, Asst. Gen. Counsel, and Frederic T. Spindel, Atty., Washington, D. C., with him on the brief), for appellee.

Before HAMLEY,* SETH, and HOLLOWAY, Circuit Judges.

SETH, Circuit Judge (reassigned for opinion to SETH, Circuit Judge, from HOLLOWAY, Circuit Judge).

This action was commenced by Robert J. Strawn, Jr. to vacate an injunction issued in 1965 on a consent judgment.

The complaint in the original proceeding was filed by the Securities and Exchange Commission against Strawn and others. It alleged violations of the Securities Act of 1933. Strawn, who was represented by counsel, consented to a permanent injunction enjoining him from violating the registration and anti-fraud provisions of the Act. The appellant did not admit any of the allegations and no evidence relating to them was admitted.

The trial court held several hearings on the motion to vacate, and denied it, 319 F.Supp. 1380. This appeal was then taken.

The appellant urges as one ground to vacate the injunction that the original court did not have subject matter jurisdiction. The argument so ad-

vanced is that Section 20(b) of the Securities Act of 1933 [15 U.S.C. § 77t(b)] contains a jurisdictional requirement in that a "proper showing" must be made. This subsection reads in part:

"Whenever it shall appear to the Commission that any person is engaged or about to engage in any acts or practices which constitute or will constitute a violation of the provisions of this subchapter . . . it may in its discretion, bring an action in any district court of the United States . . . to enjoin such acts or practices, and *upon a proper showing* a permanent or temporary injunction or restraining order shall be granted without bond . . . ." (Emphasis supplied).

Thus appellant urges that since the injunction was on a consent judgment for which no evidence was presented, there was no "proper showing," thus no jurisdiction. In examining this argument consideration must also be given to Section 22(a) of the Securities Act of 1933 [15 U.S.C. § 77v(a)]. This subsection has no "proper showing" provision and in part is as follows:

"The district courts of the United States, . . . shall have jurisdiction of offenses and violations under this subchapter and under the rules and regulations . . . ."

Thus, unless there is some unusual construction required, it would appear that Section 22(a) is intended as the jurisdictional provision in the typical form. Section 20(b), on the other hand, appears to be a provision for injunctions if a showing can be made for such relief under the usual standards.

The entry of a consent judgment is a judicial act. Securities & Exchange Comm'n v. Dennett, 429 F.2d 1303 (10th Cir.). The Seventh Circuit in Securities & Exchange Comm'n v. Farm & Home Agency, Inc., 270 F.2d 891 (7th Cir.), in response to an argument of lack of subject matter jurisdiction to enter a consent judgment with an injunction held

that Section 22(a) grants to the district courts jurisdiction of "offenses and violations." We find no reason for a different construction of the two sections and we must hold that the trial court in the initial proceedings had jurisdiction to enter the consent judgment and the injunction. The "proper showing" under Section 20(b) is a reference to the usual requirement for injunctive relief, and is not a jurisdiction provision. This conclusion must be reached from the manner in which the Act is constructed, and from the relationship of the sections. In the case before us, the jurisdictional requirements of Section 22(a) were met and the trial court in the original proceedings had subject matter jurisdiction. The injunction was and is valid.

■ Motions to vacate injunctions are addressed to the discretion of the court, and the disposition made by the trial court will not be disturbed on appeal in the absence of an abuse of discretion. Winfield Associates, Inc. v. Stonecipher, 429 F.2d 1087 (10th Cir.); Securities & Exchange Comm'n v. Farm & Home Agency, Inc., 270 F.2d 891 (7th Cir.); Western Union Telegraph Co. v. Dismang, 106 F.2d 362 (10th Cir.).

The appellant urges that the trial court did not apply the proper legal tests or standards in considering the facts developed during the hearing on the motion to vacate. The evidence introduced at the hearing to show present conditions in substance showed the following: The appellant was well regarded in the community, was a good citizen, and showed leadership ability, and was active in civic affairs. He owned and operated a company engaged in the business of distributing heaters, burners, and combustion equipment. The injunction appeared on his Dun and Bradstreet report, and he had to explain it to the people he did business with. There was evidence that the injunction may have hampered him in securing a line of credit from a local bank. It also prevented him from being considered for a place on a board of directors of a company for

which he handled a line of products. The appellant also testified that the presence of the injunction was a "mark" against him which he wanted to remove for family reasons. In one instance the injunction prevented him from making a Regulation A offering of stock in his corporation, and a waiver of the rule relating to injunctions against officers was sought but was denied. Appellant testified that he had complied with the injunction at all times, and there was no evidence otherwise.

The trial court found that it was not necessarily established that the purpose of the injunction had been achieved by appellant's compliance therewith. The trial court also concluded that the hardship now worked on appellant by the injunction was not so harsh or of such an unexpected nature as to warrant vacating the injunction under the prevailing authorities, especially United States v. Swift & Co., 286 U.S. 106, 52 S.Ct. 460, 76 L.Ed. 999.

The arguments of the parties as to the requirements to be met before this injunction may be vacated center about Swift & Co. v. United States, 276 U.S. 311, 48 S.Ct. 311, 72 L.Ed. 587; United States v. Swift & Co., 286 U.S. 106, 52 S.Ct. 460, 76 L.Ed. 999, and United States v. United Shoe Machinery Corp., 391 U.S. 244, 88 S.Ct. 1496, 20 L.Ed.2d 562.

The appellant urges that the trial court did not properly apply United States v. Swift & Co. to what he asserts is a change of facts and in attitude. Appellant also points out that the Swift case concerned what the opinions referred to as the largest packers in the country, an unlawful monopoly, a monopoly of gigantic size seeking to "starve out weaker rivals," while the petitioner here only signed and mailed a letter and was at most "negligent."

Petitioner also urges that after United States v. United Shoe Machinery Corp., 391 U.S. 244, 88 S.Ct. 1496, 20 L.Ed.2d 562, the Swift doctrine was modified to require only "an appropriate showing" sufficient to provide a basis for the injunction originally; and also the "clear showing" language was limited to the unusual facts of the Swift case. Also petitioner argues that a determination as to whether the original conditions persist to such an extent as to provide a continuing opportunity for abuse must be made in the proceedings to vacate, and this is really part of the "appropriate showing" test. Change in attitude may be the only proof available on the change in conditions examination appellant asserts. Appellant considers that change in facts and change in attitude are related or connected.

■ We do not understand the Swift case to mean that in vacation proceedings the same standard is to be applied as in any initial proceedings for an injunction. Such a standard does not remain after the nature of the proceedings and the asserted effect on competition in the Swift case are considered. Also it does not mean that a change in conditions can be shown by a change in attitude alone. The Swift case requires more, and we in our decisions have required more. Furthermore, Rule 60(b), Fed.R.Civ.P., does not lead to a different result. We have in Securities & Exchange Comm'n v. Jan-Dal Oil & Gas, Inc., 433 F.2d 304 (10th Cir.), Ridley v. Phillips Petroleum Co., 427 F.2d 19 (10th Cir.), and in Coca-Cola Co. v. Standard Bottling Co., 138 F.2d 788 (10th Cir.), considered the issues here presented. There the Swift case was considered and its standards applied. It presents a difficult and perhaps severe requirement, but changes in injunctions must be based on some substantial change in law or facts. The injunction was entered based upon the then existing state of the law and upon the then existing facts. The finality of such proceedings, or granting of remedy, requires a showing of change. This is what Swift requires. If such a showing can be made, the trial court has the full authority to vacate or to modify the injunction. See Coca-Cola Co. v. Standard Bottling Co., 138 F.2d 788 (10th Cir.). If there is no such change the injunction

must stand. Securities & Exchange Comm'n v. Jan-Dal Oil & Gas, Inc., 433 F.2d 304 (10th Cir.); Ridley v. Phillips Petroleum Co., 427 F.2d 19 (10th Cir.). However, in instances where the defendant concerned is an individual, and where the alleged violation leading to the injunction was an incident of limited scope or duration, the passage of a substantial period of time with full compliance and with no other violations may be regarded as a significant factor showing a "change" for these purposes. In reality this is about all an individual can show under these circumstances. In Securities & Exchange Comm'n v. Jan-Dal Oil & Gas, Inc., there had passed but a very short period of time. Ridley v. Phillips Petroleum Co., 427 F.2d 19 (10th Cir.), concerned an injunction entered in an action of an entirely different nature. This is more than a showing of a change of attitude as with the passage of a substantial period of time the circumstances must be assumed to have changed in regard to an individual. There is obviously not a totally unexpected event, but again considering the circumstances assumed the same showing as for injunctions generally should not be required.

There is a difference of opinion as to whether as a general proposition injunctions to "obey the law" should be issued in order that enforcement by administrative agencies may be sought by contempt rather than by the statutory route. The standards for a change in any injunction are difficult to meet, and in some instances this may lead to problems.

In the case before us the record shows that the trial court made no misapplication of the prevailing law. We have examined the showing made by the appellant as to the facts and the passage of time. We cannot say in view of the record that the trial court abused its discretion. As indicated above, the petition was addressed to the discretion of the trial court, it examined the circumstances carefully, and denied relief.

Affirmed.