Manuel A. PALOMO and Gavina A.
Palomo, Plaintiffs-Appellees,

v.

Akira BABA and Eulogio Declarmen,
Defendants-Appellants.

No. 73-2308.

United States Court of Appeals,
Ninth Circuit.

May 28, 1974.

Thomas J. Nolan (argued), W. Scott Barrett, Barrett, Ferenz, Bramhall, Paul & Klemm, Oakland, Cal., John C. Dierking, Agana, Guam, for defendants-appellants.

Howard G. Trapp (argued), Trapp & Gayle & Co., Agana, Guam, for plaintiffs-appellees.

Before DUNIWAY, CHOY and SNEED, Circuit Judges.

## OPINION

PER CURIAM:

The district court entered judgment in favor of appellees, the Palomos, in their action to cancel a lease and to quiet title to a 37,000 square meter tract of land. The court found that "Inadequacy of rental consideration coupled with a consent and execution procured by misrepresentation of a material fact relied upon by persons [the Palomos] who are mentally deficient and unable to exercise rational care of their property are essential elements which, in totality, warrant such cancellation."

Two days after Baba and Delcarmen filed their notice of appeal from the judgment, they filed a motion in the district court to vacate the judgment on the ground of newly discovered evidence pursuant to Rule 60(b), F.R.Civ.P. The newly discovered evidence was a quitclaim deed covering 40,000 square feet of the tract in question executed by the Palomos in favor of their attorney, Howard Trapp, as a contingent fee, and one, Edward S. Terlaje as a "referral fee." The deed was to be effective only upon judgment in favor of the Palomos.

The 60(b) motion was denied, whereupon appellants filed another appeal from the denial. This court in an unpublished Memorandum affirmed as to the first appeal and dismissed the second appeal for want of present jurisdiction since the district court had no pow-

er to consider the motion to vacate judgment pending appeal from that judgment to this court. Upon the mandate being issued to the district court, appellants moved that the district court again rule on their 60(b) motion to vacate judgment. The district court again denied that motion. This appeal ensued. We affirm.

While the district court had jurisdiction to act on the Rule 60(b) motion after its judgment had been affirmed and after it had received the mandate from this court, as to all matters encompassed by the mandate, such jurisdiction rested on conformance with the mandate. However, the district court could not have acted in a manner inconsistent with the mandate of affirmance, except with the consent of this court. *See* Greater Boston Television Corp. v. F.C. C., 149 U.S.App.D.C. 322, 463 F.2d 268, 280 n.22 (1971); Gulf Coast Building and Supply Co. v. International Bhd. of Electrical Workers, 460 F.2d 105, 107 (5th Cir.1972); Butcher & Sherrerd v. Walsh, 206 F.2d 259, 262 (3d Cir.1953), cert. denied, 346 U.S. 925, 74 S.Ct. 312, 98 L.Ed. 418 (1954). Here, the order denying the motion was not inconsistent with the mandate.

The elements supporting the judgment were, no bona fide purchasers, misrepresentation of a material fact and reliance by mentally deficient persons. The district court did not abuse its discretion in denying the 60(b) motion as the method by which the Palomos chose to pay their attorneys does not necessarily show ability to exercise rational care in connection with their land, nor does it negate the crucial findings of no bona fide purchasers, misrepresentation and reliance. *Cf.* Madsen v. Bumb, 419 F.2d 4, 6 (9th Cir.1969).

We note as an aside that the record indicates some highly questionable conduct on the part of certain members of the Bar of Guam, notably Edward S. Terlaje and J. U. Torres. An appropriate body in Guam, whether the local bar association, the Island Court or the District Court, interested in maintaining the ethics of the profession on a high level, should investigate and act as appears appropriate in that matter.

Affirmed.