SECURITIES AND EXCHANGE COM-
MISSION, Plaintiffs-Appellees,

v.

ADVANCE GROWTH CAPITAL
CORPORATION et al.,
Defendants-Appellants.

No. 75–2022.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 24, 1976.

Decided Aug. 13, 1976.

N. A. Giambalvo, Chicago, Ill., for de-
fendants-appellants.

David Ferber, Sol., Frederick B. Wade,
Atty., SEC, Washington, D. C., for plain-
tiffs-appellees.

Before PELL, TONE and BAUER, Cir-
cuit Judges.

TONE, Circuit Judge.

Defendants have moved under Rule
60(b)(5), Fed.R.Civ.P., to vacate a perma-
nent injunction entered against them pur-
suant to sections 36 and 42(e) of the Invest-
ment Company Act of 1940, 15 U.S.C.
§§ 80a–35, –41(e). That injunction was is-
sued pursuant to a mandate supplemented
by a writ of mandamus issued by this court.
The issues before us are (1) whether the
District Court had authority to consider de-
fendants' motion in the absence of leave
first granted by this court and (2) whether,
in any event, the facts alleged provide a
basis for the relief sought.

The Securities and Exchange Commission
brought this action in 1969 against Advance
Growth, an investment company, its board
chairman, Giachini, and its president and
director, Murphy. The Commission alleged
that defendants had violated sections 17(a),
17(d), 34(b), and 36 of the Investment Com-
pany Act, 15 U.S.C. §§ 80a–17(a), –17(d),
–33(b), –35, and sought both an injunction
enjoining Giachini and Murphy from serv-
ing as officers or directors of the company
and from violating any provision of the Act,
and the appointment of a receiver to con-

duct the company's business. In an unpublished memorandum and decree, dated August 27, 1971, the District Court denied the injunctive relief and declined to appoint a receiver. Instead, it directed defendants to conform more strictly to the Investment Company Act and to obtain court permission before undertaking certain transactions. This court reversed in part, 470 F.2d 40 (7th Cir. 1972), determining that defendants had committed violations of the Act which were not simply "inadvertent and harmless" as the District Court had found:

> "[R]ather, they were committed with knowledge of the Act's provisions and were clearly disadvantageous to Advance Growth and its shareholders. These were not mere 'technical' violations of regulatory legislation, but continual and extensive violations . . . . They provide the opportunity for personal gain by those with fiduciary obligations—the specific target of the Investment Company Act's prohibitions." 470 F.2d at 53–54.

The court therefore vacated the trial court's order and remanded for entry of a permanent injunction enjoining any further violation of the Act.

The District Court's subsequent order, dated January 16, 1973, enjoined Giachini and Murphy from violating the Act in general terms, and provided that they could continue serving as officers and directors of the company. The Commission, pointing out that permitting defendants to continue as officers and directors of the company was inconsistent with the express language of section 9(a)(2) of the Act, 15 U.S.C. § 80a–9(a)(2), petitioned this court for a writ of mandamus directing the entry of an injunction in compliance with the statute and Rule 65(d), Fed.R.Civ.P. The writ was granted, and on April 9, 1973, in compliance therewith, the District Court entered an injunction which did not contain authorization for defendants to act as officers and directors of the company.

Giachini and Murphy resigned their posts on May 11, 1973. Some 26 months later, on July 14, 1975, they moved the District Court to vacate the injunction under Rule 60(b)(5),

Fed.R.Civ.P., which provides for relief from a final judgment when "it is no longer equitable that the judgment should have prospective application . . . ." The District Court, finding that the April 9 decree "was entered pursuant to a mandate from the Court of Appeals after a reversal of a prior decree that had been entered by this court," determined that it lacked "jurisdiction to modify or vacate without direction from the Court of Appeals." Defendants Giachini and Murphy took this appeal.

There is considerable authority to the effect that a motion in the same case for relief from a judgment entered pursuant to appellate mandate cannot be entertained by the trial court without appellate leave. See *In re Potts,* 166 U.S. 263, 17 S.Ct. 520, 41 L.Ed. 994 (1897); 7 Moore's *Federal Practice* ¶ 60.30[2], at 425–427 (2d ed. 1975) (citing cases). In *Gueder, Paeschke & Frey Co. v. Clark,* 288 F.2d 1 (7th Cir. 1961), *cert. denied,* 368 U.S. 826, 82 S.Ct. 47, 7 L.Ed.2d 30 (1961), this court had before it an effort to accomplish the same end by an independent action. The plaintiff there sought relief from an injunction obtained against it in a prior patent infringement suit on the ground that a recent decision by the Court of Customs and Patent Appeals had held the patent invalid. Because the earlier judgment had been affirmed by this court on appeal, the district court held that it lacked jurisdiction to entertain the suit without leave of the court of appeals. This court agreed, comparing the independent action to a motion for relief under Rule 60(b) made after the appellate mandate had been issued and holding that there was no basis for distinguishing the two. 288 F.2d at 3–4. The court went on, however, to consider the appeal as a petition to grant leave to the district court to entertain the independent action, and denied the petition on the merits. 288 F.2d at 4–5.

■ If we were to decide the issue today, we would probably not go so far as to hold that appellate leave is necessary whenever relief is sought under Rule 60(b)(5). The district court is not permitted to "reconsider

questions which the [appellate] mandate has laid at rest," *FCC v. Pottsville Broadcasting Co.,* 309 U.S. 134, 140, 60 S.Ct. 437, 440, 84 L.Ed. 656 (1940), but should be able, without appellate leave, to order a modification of an injunction which would not be inconsistent with the result contemplated by the court of appeals. This may be the situation where relief is sought as the result of a change in circumstances which existed at the time the appellate decision was made. See *Kodekey Electronics, Inc. v. Mechanex Corp.,* 500 F.2d 110, 112–113 (10th Cir. 1974); cf. *Palomo v. Baba,* 497 F.2d 959, 960 (9th Cir. 1974); *Humble Oil & Refining Co. v. American Oil Co.,* 405 F.2d 803, 812 (8th Cir. 1969), *cert. denied,* 395 U.S. 905, 89 S.Ct. 1745, 23 L.Ed.2d 218 (1969). Inasmuch as the decision on such a motion must often be made on the basis of a record which only the district court is equipped to develop, appellate leave should not as a practical matter be required. 11 Wright & Miller, *Federal Practice and Procedure,* § 2873, at 269–270 (1973). This result is an application of the "inherent" power "of a court of equity to modify an injunction in adaptation to changed conditions," *United States v. Swift & Co.,* 286 U.S. 106, 114, 52 S.Ct. 460, 462, 76 L.Ed. 999 (1932), which is codified by Rule 60(b)(5). See also *United States v. United Shoe Machinery Corp.,* 391 U.S. 244, 251, 88 S.Ct. 1496, 20 L.Ed.2d 562 (1968). Appellate review, of course, remains fully available.

In the case at bar it makes no practical difference whether (1) we treat the appeal as a motion to grant leave to the District Court to consider defendants'

60(b)(5) motion, as defendants urge as an alternative ground for relief, or (2) recognizing that we can affirm on any ground that finds support in the record, *Barrett v. Baylor,* 457 F.2d 119, 122 (7th Cir. 1972), we hold that the District Court erred in finding a lack of jurisdiction and go on to consider the merits. In either case we would affirm on the ground that any relief granted on the basis of the facts alleged in the motion would have been error.

Defendants allege that from the commencement of the suit in 1969 to the filing of their motion in July 1975 they have been in strict compliance with the provisions of the Investment Company Act[1] and that during that period Advance Growth has continued to prosper as a result of their management and the momentum generated by their business practices. They also allege that they have suffered embarrassment in their business relations by reason of the injunction and that they have been denied the right to participate in the company in which they have substantial investments.

These allegations, assuming their truth, do not justify the relief sought. The final injunction entered in April 1973, pursuant to this court's directions, "is not subject to impeachment in its application to the conditions that existed at its making," *United States v. Swift & Co., supra,* 286 U.S. at 119, 52 S.Ct. at 464. These conditions include defendants' conduct in compliance with the Investment Company Act before that date, the prosperity of their company, and their inability to continue in their official capacities with the company[2] because

---

1. In our earlier opinion, 470 F.2d at 54, we noted:

   "The record indicates that the violations of Section 17 by the defendants continued not only after this lawsuit was commenced but until several months after the trial . . ."

2. Defendants argue in their reply brief that this court's earlier opinion "decreed that Giachini and Murphy had the right to continue as officers and directors of Advance." This argument misinterprets that opinion. The court did state that

   "[f]rom our appellate point of view we certainly cannot say that the trial court's deter-

mination not to remove the defendants *and* appoint a receiver . . . was manifestly incorrect." 470 F.2d at 54–55 (emphasis added).

Accordingly, the court denied the Commission's request for appointment of a receiver. The court's next sentence, however, expressly acknowledged that

"[w]hether the defendants are barred under the provisions of § 9(a)(2) . . . from serving in their present capacity or any other capacity with Advance Growth absent exemption under § 9(c) . . . is an administrative matter . . . ." *Id.* at 55.

of the restriction of section 9(a)(2) of the Act. Defendants' obedience to the mandate since April 1973[3] provides no justification for dissolving the injunction. "Compliance is just what the law expects." *Walling v. Harnischfeger Corp.,* 242 F.2d 712, 713 (7th Cir. 1957). See also *Wirtz v. Graham Transfer and Storage Co.,* 322 F.2d 650, 652 (5th Cir. 1963). The continued prosperity of their company is similarly not a ground for relief. Nor will compliance combined with continuing business embarrassment suffice. *SEC v. Jan-Dal Oil & Gas, Inc.,* 433 F.2d 304, 305–306 (10th Cir. 1970). Rather, what is required is a showing of "extraordinary" circumstances, see *Klapprott v. United States,* 335 U.S. 601, 613, 69 S.Ct. 384, 93 L.Ed. 266 (1949), or a "grievous wrong evoked by new and unforeseen conditions," *United States v. Swift & Co., supra,* 286 U.S. at 119, 52 S.Ct. at 464. See also *Ridley v. Phillips Petroleum Co.,* 427 F.2d 19, 22 (10th Cir. 1970); *Bigelow v. Balaban & Katz Corp.,* 199 F.2d 794, 796 (7th Cir. 1952).

This court concluded in its earlier opinion in the case at bar that, because the nature and persistence of defendants' past violations indicated at least "some cognizable danger of recurrent violation," 470 F.2d at 54, quoting from *United States v. W. T. Grant Co.,* 345 U.S. 629, 633, 73 S.Ct. 894, 898, 97 L.Ed. 1303 (1953), they should have been enjoined from further violations of the Act. Any possible inference that this conclusion was diluted by language appearing in the next to last paragraph of the opinion, 470 F.2d at 55, as defendants contend, was refuted by our issuance of the writ of mandamus. There has been no change since the issuance of the writ that would permit us to conclude that "it is no longer equitable that the judgment should have prospective application . . . ." Rule 60(b)(5).

Defendants may, of course, apply to the SEC, under section 9(c) of the Act, 15 U.S.C. § 80a–9(c), for an exemption from the provisions of section 9(a)(2), permitting them again to become officers and directors of the company. See 470 F.2d at 55.

In a motion filed with this court after oral argument of the appeal, defendants state that the injunction entered in April 1973 enjoined them "from acting as directors, officers or attorneys" for Advance Growth or its affiliates and ask that the injunction be modified to permit them to act without compensation as attorneys for Proviso Industrial Builders, Inc., an affiliate of Advance Growth. The ground stated for the motion is that they have "special knowledge of the assets and affairs" of the affiliate and "the leases with its various tenants," and the officers of the affiliate want to consult with them. The Commission's response in opposition to the motion points out that the injunction does not in terms prohibit defendants from acting as directors, officers, or attorneys, and states that the prohibition is to be found in section 9(a)(2) of the Act, 15 U.S.C. § 80a–9(a)(2), which makes it unlawful for any person subject to an injunction such as the one issued against defendants to act as an employee, officer, or director, of a registered investment company. Whatever the source of the prohibition against their acting as attorneys, defendants concede that the prohibition exists. We are not disposed to authorize defendants to assume a role which would permit them to perform by indirection management and advisory functions they are forbidden by law to perform directly. The motion therefore will be denied.

ORDER AFFIRMED; MOTION TO MODIFY INJUNCTION DENIED.

---

**3.** We note in passing that while the final injunction was entered on April 9, Giachini and Murphy did not resign until May 11, 1973.