SECURITIES AND EXCHANGE
COMMISSION, Plaintiff,

v.

BAUSCH & LOMB, INC., Daniel G. Schuman, Campbell Asset Management Company and Douglas Campbell, Jr., Defendants.

No. 73 Civ. 2458.

United States District Court,
S. D. New York.

March 21, 1979.

William D. Moran, Regional Administrator, S. E. C., New York City, for plaintiff; Neil S. Lang, Benjamin Greenspoon, Washington, D. C., of counsel.

Cadwalader, Wickersham & Taft, New York City, for defendants Campbell Asset Management Co. and Douglas Campbell, Jr.; Peter M. Brown, Claude P. Bordwine, New York City, of counsel.

OPINION

ROBERT J. WARD, District Judge.

Defendants, Douglas Campbell, Jr. ("Campbell") and Campbell Asset Management Company ("Campbell Asset") move pursuant to Rule 60(b)(5) and (6), Fed.R. Civ.P., to vacate or modify a judgment of permanent injunction on consent, dated March 7, 1975, and to dismiss the action as to themselves with prejudice. For the reasons hereinafter stated, the motion is denied.

On June 4, 1973, the Securities and Exchange Commission ("SEC" or "Commis-

sion") filed an action seeking a permanent injunction against Bausch & Lomb, Inc. ("BOL") and a number of other entities and individuals including the movants here. The complaint alleged violations of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5 promulgated thereunder, 17 C.F.R. § 240.-10b–5.

Prior to trial, Campbell and Campbell Asset entered into settlement discussions with the Commission. On February 26, 1975, they submitted an offer of settlement to the Commission to resolve the injunction action against them. On March 7, 1975, a final judgment of permanent injunction on consent was signed by the Court. The judgment enjoined Campbell and Campbell Asset from purchasing or selling the common stock of BOL in violation of the anti-fraud provisions of Rule 10b–5 and provided for the adoption by defendants of certain procedures concerning the receipt of material inside, non-public corporate information with respect to BOL or any other security. In consenting to entry of the judgment, defendants neither admitted nor denied the allegations of the complaint. They did, however, specifically waive their right to require the Court to make findings of fact and conclusions of law. The Commission similarly waived its right to an adjudication of the facts. In addition, the Commission compromised its right to conduct a full administrative proceeding to determine the propriety of Campbell's application for registration as an investment adviser under the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. § 80b–1, et seq. After accepting the settlement proposed by defendants, the SEC terminated further discovery concerning the issues that would have been raised had it proceeded to trial against Campbell and Campbell Asset. On March 8, 1975 Campbell's registration as an investment adviser was permitted by the Commission; since that date Campbell has conducted business as a registered investment adviser.

On September 16, 1976, after a four-day non-jury trial[1] on the merits with respect to the non-settling defendants, this Court rendered its decision denying the Commission's application for a permanent injunction. *Securities and Exchange Commission v. Bausch & Lomb, Inc.,* 420 F.Supp. 1226 (S.D.N.Y.1976). The decision was subsequently affirmed on appeal. *Securities and Exchange Commission v. Bausch & Lomb Incorporated,* 565 F.2d 8 (2d Cir. 1977). The present motion followed.

Defendants contend that their motion should be granted because this Court held after the trial of the non-settling defendants that they did not in fact violate the federal securities laws. They further contend that even if the relevant facts had not been determined adversely to the SEC at the end of the trial of the non-settling defendants, the equities of the present situation mandate relief from the prospective effect of the judgment of permanent injunction on consent.

The Commission contends that the liability of the movants here was not at issue in the trial of the non-settling defendants and that no determination of their liability was made. The Commission also argues that defendants have made no showing that warrants modification or vacation of the consent judgment.

Pursuant to Rule 60(b), a court may vacate or modify a judgment if "the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application,"

---

1. At the time of trial only BOL and Daniel Schuman ("non-settling defendants") remained from the original group of defendants named in the Commission's complaint. Defendants Byron R. Wein, Richard J. Clancy, Faulkner, Dawkins & Sullivan ("FDS"), and Faulkner, Dawkins & Sullivan, Inc. also consented to judgments permanently enjoining them from future antifraud violations in connection with the purchase and sale of BOL stock. The actions against defendants David H. MacCallum and Derrick C. Hoitsma were dismissed after they agreed to abide by the injunction against FDS. The action against defendant Brokaw, Schaenan, Clancy & Co. was dismissed by stipulation.

**52**

60(b)(5), Fed.R.Civ.P., or if there is "any other reason justifying relief from the operation of the judgment," 60(b)(6), Fed.R. Civ.P. The standard applicable to Rule 60(b) motions has generally been held to be that set forth by Justice Cardozo in *United States v. Swift & Co.*, 286 U.S. 106, 119, 52 S.Ct. 460, 464, 76 L.Ed. 999 (1932):

> The inquiry for us is whether the changes [in circumstances] are so important that dangers, once substantial, have become attenuated to a shadow. No doubt the defendants will be better off if the injunction is relaxed, but they are not suffering hardship so extreme and unexpected as to justify us in saying that they are the victims of oppression. Nothing less than a clear showing of grievous wrong evoked by new and unforeseen conditions should lead us to change what was decreed after years of litigation with the consent of all concerned.

Several courts have applied this stringent standard to deny relief from injunctions previously obtained in SEC enforcement proceedings. *See, e. g., Securities and Exchange Commission v. Advance Growth Capital Corporation*, 539 F.2d 649 (7th Cir. 1976); *Securities and Exchange Commission v. Thermodynamics, Inc.*, 464 F.2d 457 (10th Cir. 1972); *Securities and Exchange Commission v. Jan-Dal Oil & Gas, Inc.*, 433 F.2d 304 (10th Cir. 1970). At least one court has employed a seemingly more flexible standard which seeks to balance the severity of the alleged danger which the injunction was designed to eliminate against the continuing necessity for the injunction and the hardship resulting from its prospective application. *See Securities and Exchange Commission v. Warren*, 76 F.R.D. 405 (W.D.Pa.1977), *aff'd*, 583 F.2d 115 (3d Cir. 1978). Although the better view would appear to be that a trial court has inherent equitable power to modify an injunction even in the absence of a clear showing of new and unforeseen conditions, *see, e. g., King-Seeley Thermos Co. v. Aladdin Indus. Inc.*, 418 F.2d 31, 35 (2d Cir. 1969) (Friendly, J.), defendants in the instant case have failed to persuade the Court that the consent judgment should be vacated or modified under either the stringent or flexible standard.

■ Defendants' initial argument that the Court adjudicated their liability at the trial of the non-settling defendants is based upon the following language from the Court's written opinion denying the Commission's application for a permanent injunction against the non-settling defendants:

"In Connection With . . . ."

The Court is therefore bound to ask whether any purchase or sale resulted from Schuman's telephone revelation to MacCallum. At about 3:00 P.M. on March 16, MacCallum had a meeting regarding BOL with FDS salesmen. The SEC points out the actions of Douglas Campbell ("Campbell") of Campbell Asset Management Company who was present at the FDS meeting on March 16 and subsequently sold 3,000 shares of BOL stock on that date. However, the Commission did not establish that this sale was made on the basis of the leaked earnings estimate.

MacCallum came to Rochester wanting to withdraw his recommendation of BOL stock. He testified that his decision did not change after his visit nor after the telephone conversations. MacCallum's own earnings estimate was below that leaked by Schuman. It was not established that MacCallum attributed earnings estimates to Schuman when he addressed the FDS meeting.

\* \* \* \* \* \*

The Commission has failed to adduce evidence as to the reasons behind Campbell's sale. Campbell himself did not testify although listed among plaintiff's witnesses; nor was his deposition introduced. It would not be unreasonable to infer that Campbell sold on the strength of MacCallum's appraisal independent of Schuman's disclosure or, quite as likely, that his sale was motivated by the entire mix of factors then present.

*Securities and Exchange Commission v. Bausch & Lomb, Inc., supra*, 420 F.Supp. at 1238–39.

The argument is without merit for the simple reason that defendants' liability was not an issue in the trial of the non-settling defendants. Defendants had already explicitly waived their right to a trial on the issue of their liability by negotiating a pre-trial settlement with the Commission. In any event, an examination of the cited language in context demonstrates that the Court was merely assessing whether the Commission had met the "in connection with" requirement for imposing Rule 10b–5 liability and not whether defendants had violated the federal securities laws. The Court eventually concluded that a determination of whether the Commission had met the "in connection with" requirement was unnecessary. *Securities and Exchange Commission v. Bausch & Lomb, Inc., supra,* 420 F.Supp. at 1240.

From the foregoing, it is clear that this Court did not adjudicate defendants' liability at the trial of the non-settling defendants.

 The Court finds defendants' second argument equally unconvincing. The consent decree in the instant case merely requires that the law be obeyed. Indeed, the only action which these defendants are required to take is to comply with Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 promulgated thereunder with respect to BOL securities and to maintain procedures governing the receipt of material, non-public corporate information. As the district court stated in *Securities and Exchange Commission v. Thermodynamics, Inc.,* 319 F.Supp. 1380, 1384 (D.Colo.1970), to be "told to do what the law requires be done, . . . is no hardship."

Moreover, defendants have neither alleged nor presented any facts which would indicate that the injunction they seek to vacate has been oppressive or burdensome. As the Commission argues, the only basis for this motion appears to be that the SEC lost its case against the non-settling defendants. However, as the Commission points out, defendants knew when they entered into the consent decree that there was a possibility that the Commission would not prevail on the merits. In spite of this possibility, they decided not to risk a trial and possible administrative action. As the Supreme Court stated in *United States v. Swift & Co., supra,* 286 U.S. at 119, 52 S.Ct. at 464:

> [w]isely or unwisely, they submitted to these restraints upon the exercise of powers that would normally be theirs. They chose to renounce what they might otherwise have claimed, and the decree of a court confirmed the renunciation and placed it beyond recall.

Accordingly, defendants' motion is denied.

It is so ordered.