50 F.3d 14
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Janine M. HALL, Plaintiff,
and
Richard A. Canatella, Appellant,
v.
CONTRA COSTA COUNTY, et al., Defendants-Appellees.
Fred R. GASKELL, Plaintiff,
and
Richard A. Canatella, Appellant,
v.
CONTRA COSTA COUNTY, et al., Defendants-Appellees.
LEONE MANUFACTURING COMPANY, et al., Plaintiffs,
and
Aldo G. Cinquini, Plaintiff-Appellant,
and
Richard A. Canatella, Appellant,
v.
SUPERIOR COURT OF SAN MATEO, et al., Defendants-Appellees.
TOPPER DISTRIBUTING COMPANY, Plaintiff,
and
Aldo G. Cinquini, Plaintiff-Appellant,
and
Richard Canatella, Appellant,
v.
CLERK OF the COURT, Superior Court for the County of San
Mateo, Defendant,
and
Thomas J. Donohoe, et al., Defendants-Appellees.
 Nos. 94-15616, 94-15621, 94-15921, 94-16103.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Dec. 21, 1994.*
Decided: Jan. 12, 1995.
 
 Appeals from the United States District Court for the Northern District of California, Nos. CV-90-2884-CAL, CV-91-4475-CAL; Charles A. Legge, District Judge, Presiding
 Appeals from the United States District Court for the Northern District of California, Nos. CV-90-2801-SC, CV-92-945-SC; Samuel Conti, District Judge, Presiding.
 N.D.Cal. [Appealing After Remand from 9 F.3d 1550, 10 F.3d 626].
 AFFIRMED.
 Before: FERGUSON, THOMPSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard A. Canatella appeals from district court orders imposing sanctions pursuant to Federal Rule of Appellate Procedure 38 on remand from this court, as well as from the district court orders denying his motions to vacate Federal Rule of Civil Procedure 11 sanctions in appeal Nos. 94-15621, 94-15921, and 94-16103. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and we affirm. Further, we hereby order Canatella to show cause why he should not be sanctioned for these four frivolous appeals pursuant to Federal Rule of Appellate Procedure 38, and why he should not be suspended or disbarred from further practice before this court pursuant to Federal Rule of Appellate Procedure 46.
 
 I. BACKGROUND
 
 3
 In each of these four appeals, there was a previous disposition by this panel affirming the district court's imposition of Rule 11 sanctions and imposing Rule 38 sanctions for a frivolous appeal.[1] In each case, the panel remanded to the district court solely for determination of the amount of reasonable fees and costs expended by the appellees in defending against the appeal.
 
 
 4
 On remand, in each case, the district court set the amount of fees and costs, and, in three of the four cases, denied Canatella's motion to vacate the original Rule 11 sanctions against him.[2] Canatella appeals from the orders setting fees and costs and denying his motions to vacate.[3] His contentions are the same in all four appeals, and are frivolous.
 
 II. ANALYSIS
 
 5
 Notably absent from any of Canatella's briefs is any challenge to the district court's setting of the amount of Rule 38 sanctions. The vast majority of his argument in all of these appeals constitutes an attempt to relitigate the underlying Rule 11 sanctions and this court's decision to impose Rule 38 sanctions in the prior appeals. The Rule 11 sanctions have already been affirmed by this court and could not have been vacated by the district court upon remand. Palomo v. Baba, 497 F.2d 959, 960 (9th Cir. 1974) (district court may not act inconsistently with the mandate of affirmance). This court's decision to award Rule 38 sanctions was also not open to reconsideration by the district court, and is not a proper subject for these appeals.
 
 
 6
 The only possible nonfrivolous argument that Canatella could present in these appeals is that the amount of fees and costs set by the district court on remand was not reasonable, as this is all the district court was charged with. Canatella does not make this argument in any of the briefs. The closest he comes to attacking the amount of Rule 38 sanctions set by the district court is his contention that the district court failed to consider his inability to pay the sanctions.
 
 
 7
 This contention is frivolous because it should have been raised when the sanctions were imposed by this court. In each case, this panel expressly awarded appellees their reasonable attorney fees and costs incurred in defending against the frivolous appeal. See, e.g., Gaskell v. Weir, 10 F.3d at 629. The mandate of this court left no discretion to the district court to reconsider or amend this court's decision to require the payment of the reasonable fees and costs incurred by the various appellees. Matter of Beverly Hills Bancorp., 752 F.2d 1334, 1337 (9th Cir. 1984) (trial court cannot vary or examine its mandate from higher court). If Canatella wished to argue that he could not afford to pay the reasonable fees and costs incurred, he should have done so to this court.
 
 
 8
 Even if Canatella's argument regarding inability to pay was properly directed to the district court on remand, he clearly made an inadequate showing on this issue. He relied in all four cases solely upon his own unsupported declaration concerning his lack of assets, his meager salary as a professor of legal ethics at an unaccredited night law school, and the various outstanding sanctions awards against him. Given this panel's rejection of Canatella's naked declaration of poverty in Gaskell, 10 F.3d at 629, his showing in the district court upon remand was inadequate and his appeals as to this issue are frivolous.[4] See also Dodd Ins. Services v. Royal Ins. Co. of America, 935 F.2d 1152, 1160 (10th Cir. 1991) (bald assertion that party is on verge of financial collapse insufficient to establish inability to pay).
 
 
 9
 All of the district court orders on appeal are AFFIRMED.[5]
 
 III. SANCTIONS FOR THESE FRIVOLOUS APPEALS
 
 10
 Canatella's conduct in these cases has been vexatious in the extreme. He was sanctioned by the district court in each of these four cases. This court affirmed the Rule 11 sanctions, and sanctioned Canatella further pursuant to Rule 38 for the frivolous appeals of the Rule 11 sanctions awards. Canatella then filed a frivolous motion to recall the mandate in appeals Nos. 92-16931, 92-16935, and 92-17094, for which this court again sanctioned him. Apparently no wiser for his experience, Canatella filed frivolous motions in the district court to vacate the Rule 11 sanctions which had already been affirmed by this court. Finally, he brings these wholly spurious appeals from the district court's orders on remand, attempting to relitigate the Rule 11 sanctions and previously-imposed Rule 38 sanctions at a time long after these issues have been laid to rest.
 
 
 11
 We hereby provide notice to Canatella that this court is considering imposing Rule 38 sanctions against him for his conduct in all four current appeals, and suspending or barring him from further practice before this court pursuant to Federal Rule of Appellate Procedure 46. See, e.g., In re Chandler, 450 F.2d 813 (9th Cir. 1971) (attorney suspended from practice before this court for three years for a first offense).
 
 
 12
 Canatella shall have a reasonable opportunity to respond to this notice. Within 21 days of the filing of this memorandum disposition, Canatella may file one memorandum of no more than 25 pages showing cause why he should not be sanctioned in all four appeals and why he should not be precluded from further practice before this court. Within 14 days of service of Canatella's memorandum, each appellee may file a response of no more than 10 pages, which shall at a minimum contain a statement of the fees and costs expended on the current appeal(s) in which the appellee appeared. Within 14 days of the expiration date for the filing of the appellees' responses, Canatella may file one reply of no more than 25 pages to all of the appellees' responses. All filings responsive to this notice shall be referred to this panel for disposition.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In Gaskell v. Weir, No. 92-16769, the panel found the appeal was not frivolous as to one issue, i.e., the relevance of Canatella's alleged inability to pay the Rule 11 sanctions, but remanded for a determination of the amount of fees and costs expended as to all other issues in the appeal. On remand, the district court deducted 10% of the fees spent on the appeal to represent the one nonfrivolous issue. Canatella does not challenge the amounts set by the district court in this or any of the four appeals
 
 
 [2]
 Canatella did not file a motion to vacate in district court case No. 90-2884, the case underlying current appeal No. 94-15616
 
 
 [3]
 All of the notices of appeal are signed only by Canatella. In appeals Nos. 94-15921 and 94-16103, the text of the notice states that "Richard A. Canatella, former counsel for plaintiffs in the above case and Aldo G. Cinquini appellant hereby appeal." Because Canatella is no longer counsel for Cinquini, his signature is ineffective to appeal on Cinquini's behalf. Appeals Nos. 94-15921 and 94-16103 are dismissed for lack of jurisdiction as to Cinquini
 
 
 [4]
 We note that even if the showing of poverty was credible, it does not necessarily follow that sanctions are improper. At least one court has held that the appropriate measure of sanctions under Rule 38 is actual fees and costs, as opposed to reasonable fees and costs under Rule 11. Sun-Tek Industries, Inc. v. Kennedy Sky-Lites, Inc., 865 F.2d 1254 (Fed. Cir. 1989). This panel's decision in Gaskell regarding the relevance of inability to pay related solely to the issue of Rule 11 sanctions
 Even under Rule 11, where inability to pay is clearly relevant, at least one circuit has held that, notwithstanding proof of a total inability to pay, a moderate sanction might still be appropriate to deter further abuse. Dodd Ins. Services of America v. Royal Ins. Co., 935 F.2d 1152 (10th Cir. 1991).
 
 
 [5]
 The appellees' motion to dismiss appeals Nos. 94-15921 and 94-16103 is denied. The appellees' motion to file late answering briefs in these two appeals is granted; the answering briefs shall be filed as of the dates they were received. The appellant's reply brief received in appeal No. 94-16103 shall also be filed as of the date it was received