62 F.3d 1425
 76 A.F.T.R.2d 95-5924
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert W. MUSSER, Plaintiff-Appellant,
v.
UNITED STATES of America; United States Internal Revenue
Service, Defendants-Appellees.
 No. 94-36103.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1995.*
Decided Aug. 7, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert W. Musser appeals pro se the district court's denial of his motions for reconsideration in his action seeking a refund of his federal income taxes for the tax year 1984. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review for abuse of discretion, Backlund v. Barnhart, 778 F. 2d 1386, 1388 (9th Cir. 1985), and we affirm.
 
 
 3
 Because the time for filing an appeal from the district court's denial of Musser's first motion for reconsideration was extended by Musser's second motion for reconsideration, we have jurisdiction over the district court's denial of both motions. See Swimmer v. IRS, 811 F.2d 1343, 1344 (9th Cir. 1987).
 
 
 4
 The district court did not abuse its discretion by denying Musser's motions for reconsideration. It appears that the only ground for granting Musser's motions would be to find that "extraordinary circumstances" exist under Rule 60(b)(6) because Musser filed his motion over two years after the district court entered judgment. Compare Fed. R. Civ. P. 60(b)(6) (must be filed within a reasonable time) with Fed. R. Civ. P. 60(b)(1)-(3) (must be filed within one year after entry of judgment). Musser, however, failed to show that such circumstances exist. Instead, Musser merely reiterated the same arguments which the district court and this Court previously considered and rejected.
 
 
 5
 Accordingly, the district court did not abuse its discretion by denying Musser's motions for reconsideration. Backlund, 778 F.2d at 1388; see also Palomo v. Baba, 497 F.2d 959, 960 (9th Cir. 1974) (holding that where a Rule 60(b) motion is made after the district court's judgment is affirmed on appeal, the district court must act in conformance with the mandate).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3