Kathleen K. **WILKIN**, Appellant,

v.

**SUNBEAM CORPORATION**, Appellee.

No. 8504.

United States Court of Appeals
Tenth Circuit.

Dec. 31, 1968.

———◆———

John H. Widdowson, Everett C. Fettis, Robert C. Allan, Wichita, Kan., for appellant.

Malcolm Miller, Wichita, Kan., Walther E. Wyss, George R. Clark, Chicago, Ill., for appellee.

Before MURRAH, Chief Judge, and HILL and HICKEY, Circuit Judges.

PER CURIAM.

In 1966 Mrs. Wilkin initiated an action in the United States District Court for the District of Kansas alleging misappropriation of confidential information by Sunbeam. A jury resolved the issues adverse to Mrs. Wilkin and we affirmed on appeal. Wilkin v. Sunbeam Corporation, 377 F.2d 344 (10th Cir. 1967), cert. denied 389 U.S. 973, 88 S.Ct. 472, 19 L.Ed.2d 464 (1967).

A motion has been filed with this court requesting leave to file in the trial court a motion for a new trial pursuant to Rule 60(b), Federal Rules Civil Procedure, alleging newly discovered evidence which was fraudulently concealed by the defendant.

The Advisory Committee on Rules for Civil Procedure characterized the requirement of seeking permission to file a motion such as the instant one a "barren requirement" and a "useless and delaying formality." In their 1955 Report the Committee proposed the following addition to Rule 60(b): "Such motion does not require leave from an appellate court, though the judgment has been affirmed or settled upon appeal to that Court." This proposed amendment has been criticized as unnecessarily undermining the finality of judgments. 7 Moore's Federal Practice, 60.30[2], page 341. Professor Moore suggests that the appellate courts could properly "screen out attacks that are clearly without merit" and grant leave if "a prima facie case of merit is made out." Representative cases holding that leave must be sought from the appellate court are Wilson Research Corporation v. Piolite Plastics Corporation, 336 F.2d 303 (1st Cir. 1964) and Tribble v. Bruin, 279 F. 2d 424 (4th Cir. 1960).

Rule 60(b) was said not to require a preliminary petition in the appellate court for permission to re-open in the district court in Perlman v. 322 West Seventy-Second Street, Co., 127 F.2d 716 (2nd Cir. 1942). Accord, Von Wedel v. McGrath, 100 F.Supp. 434 (D.C.N.J.

1951), affirmed 194 F.2d 1013 (3rd Cir. 1952). See also S. C. Johnson & Son v. Johnson, 175 F.2d 176 (2nd Cir. 1949) (dissenting opinion), cert. denied 338 U.S. 860, 70 S.Ct. 103, 94 L.Ed. 527 (1949). These cases referred to the fact that a 60(b) motion "does not affect the finality of a judgment" as expressly provided in the rule. They also emphasize that the place to make a record is the district court and not the appellate court. See also Schildhaus v. Moe, 335 F.2d 529 (2nd Cir. 1964) and Nelson v. Meehan, 155 F. 1, 12 L.R.A.,N.S., 374 (9th Cir. 1907).

In Wilson Research Corporation v. Piolite Plastics Corporation, supra; the court held that the district court properly declined to act upon the motion without leave of the appellate court, but the First Circuit then entered an order granting the district court leave to consider the motion "since a trial court is in a much better position to pass upon the issues presented by motions for new trials on the ground of newly discovered evidence than appellate courts * * *." 336 F.2d at 305.

We agree that the trial court is in a better position to pass upon the issues presented in a motion pursuant to Rule 60(b). Accordingly, we hold that there is no necessity that a preliminary petition requesting permission be filed with the appellate court.

Although the time for filing the instant motion on the ground of newly discovered evidence has elapsed, Wilkin's reply refers to the "[c]ourt against which fraud has been practiced." Rule 60(b) does not limit the power of a court to relieve a party from a judgment for fraud practiced upon the court. The district court will, upon application, decide whether the allegation falls into the latter category and we express no view on that issue.

For the foregoing reasons, the motion requesting permission to file in the district court is denied as unnecessary.