**KODEKEY ELECTRONICS, INC., a corporation, Plaintiff-Appellee,**

v.

**The MECHANEX CORPORATION, a corporation, and Tenneco, Inc., a corporation, Defendants-Appellants.**

**No. 74–1069.**

United States Court of Appeals,
Tenth Circuit.

July 9, 1974.

Hindry & Meyer, Charles F. Brega, Denver, Colo., for appellee.

Harry L. Hobson, Denver, Colo., for appellants.

Before BREITENSTEIN, BARNES,[*] and BARRETT, Circuit Judges.

BARNES, Circuit Judge.

This is the second appeal to this Court filed by the same appellants. The first appeal, heard before this same panel, resulted in an affirmance of the district court's judgment in its entirety. Kodekey Electronics v. Mechanex Corp. et al., 486 F.2d 449 (10th Cir. 1973).

The original judgment of the district court was dated June 2, 1972, and provided for a fixed two-years of injunctive relief against appellants, as well as monetary damages. This injunctive relief was to give effect to a two year covenant not to compete after termination of the contract, as previously agreed upon by the parties. See 486 F.2d at 452 n. 2 (opinion of October 11, 1973).

During the pendency of the previous appeal, the district court's order granting injunctive relief was repeatedly stayed by the district court until the mandate of this Court was issued, and meanwhile stated it retained jurisdiction.

We quote from the appellants' present brief, portions describing the actions of the district court.[1]

---

[*] Honorable Stanley N. Barnes of the Ninth Circuit, sitting by designation.

[1] "By its Order of January 5, 1973, modifying the Order of June 2, 1973, the district court awarded damages in the amount of $124,320 to Kodekey for the lost profits for the period March, 1970 to June 2, 1972, and awarded further damages in the amount of $77,448 to Kodekey for loss of future profits for the period June 2, 1972, to June 2, 1973. In the January 5, 1973 Order, the court made reference to the continued manufacture and sale of speedometers by Mechanex subsequent to the Order of June 2, 1972, pursuant to the continuous stays of execution of the injunction: 'Mechanex has continued to manufacture and sell its units since the entry of the Court Order of June 2, 1972, and has steadily benefitted therefrom.' . . . The district court did not modify the injunctive relief, although it did specifically restate its purported retention of jurisdiction with respect to an award of additional damages in view of the continued manufacturing and sales activities of Mechanex . . .

"By its Order dated January 30, 1973, the district court again expressly purported to retain jurisdiction as to the additional dam-

There are but two issues on this appeal: *One*: Did the district court have plenary equitable power to modify its judgment for injunctive relief after our affirmance of that judgment in all respects, and our mandate had issued? *Two*: Did the district court action violate Federal Rules of Civil Procedure 60(b)(5)?

Our answer to the first question raised is "yes", and to the second "no".

We first order that this case be submitted on the briefs on file and without oral argument.

■ The two year injunction originally ordered by the district court, while stayed pending appeal, was upheld by us in the first appeal.

Thereafter, Kodekey filed a motion in the district court to modify the injunction after affirmance, but before remand; and an amended motion after remand, on November 20, 1973. On December 12, 1973, oral argument was heard in the district court on this motion, and the district court stated it intended to enjoin defendants from "manufacturing, selling, agreeing to sell, or offering to sell its electronic speedometers and tachometers for a period of two years from the date that the judgment in this case became final." (R.T.at 87)

An order to that effect was entered in the district court on January 4, 1974, modifying and clarifying the injunctive portion of the June 2, 1972, order. This

was not a correction of an error or mistake, but a clarification to establish the original intention of the trial judge— that the original agreement made between the parties should govern the relief.

This means to us that the two year period should begin to run from the date our mandate rendered the district court judgment final.

In our opinion, the extension was an appropriate exercise by the district court of its plenary powers, is consonant with equity, and is consistent with our opinion. If the extension were not granted, Kodekey would in effect be deprived of the benefit of the non-competition agreement because of the stays sought by appellants and granted to postpone the effect of the original injunction.

■ Nor do we see any Rule 60 problem. We are not concerned with a clerical mistake covered by Rule 60(a). Rule 60(b)(5) allows modification relief to appellee if it is no longer equitable that the judgment have prospective application; and 60(b)(6) is even broader, granting to either party relief "[for] any other reason, justifying relief from the operation of the judgment." *See* Preveden v. Hahn, 36 F.Supp. 952 (S.D. N.Y.1941); 3 Moore's Federal Practice, § 60.01, et seq. No application under Rule 60(b) was necessary (1) because the provisions specifically do not apply to an "independent action for relief",

---

ages, if any, accruing to Kodekey pending the final disposition of this case. And again, the court did not modify the injunction or express any intention of modifying the injunction . . . "

Mechanex brought an appeal to this Court on several issues.

"During the pendency of that appeal, the district court granted successive stays of the injunctive relief. On October 11, 1973, this Court affirmed the judgment of the district court in all respects. On November 8, 1973, the mandate of this Court issued, affirming the award of damages and the specific terms of the injunctive relief granted by the district court. Immediately upon issuance of the mandate, Mechanex ceased all manufacture and sale of the speedometer in question,

and has not resumed such activities. Thereafter, Mechanex satisfied the judgment for money damages in the amount of $213,610.

"On November 20, 1973, Kodekey filed its Amended Motion to Modify Injunction and its Brief in support thereof, allegedly pursuant to Federal Rule of Civil Procedure 60(b)(5). The motion requested that the period of injunctive relief which was to expire on June 1, 1974, be extended so as to expire two years from the time of the issuance of the mandate of this Court. On December 12, 1973, oral argument was heard on the amended Motion in the district court and the court ruled in favor of Kodekey's Motion on the same date. On January 4, 1974, the district court entered an Order modifying and amending its Order of June 2, 1972."

and more importantly (2) because the district court here acted within its inherent power to do equity. The action so taken does not conflict with our decision; it supports it. *See* Federal Rules of Civil Procedure, Rule 62(g).

If the district court acted or should have acted under Rule 60(b), we hold Wilkin v. Sunbeam Corp., 405 F.2d 165 (10th Cir. 1968) eliminated the necessity of obtaining prior permission from the court of appeals. While the *Wilkin* opinion was based on different acts, we do not think that is distinguishing. Just as in *Wilkin* the trial court was in a better position to pass upon the fraud claim, the district court in our case is in a better position to determine whether equity requires the extension of the injunction, particularly after its stay below was sought by appellants herein on one or more occasions. King-Seeley Thermos Co. v. Aladdin Industries, Inc., 418 F.2d 31, 35 (2d Cir. 1969); United States v. Swift & Co., 286 U.S. 106, 52 S.Ct. 460, 76 L.Ed. 999 (1932); Ridley v. Phillips Petroleum Co., 427 F.2d 19 (10th Cir. 1970) (and cases cited, p. 23); City and County of Denver v. Denver Tramway Corp., 187 F.2d 410 (10th Cir. 1951); Moore and Rogers, Federal Relief from Civil Judgments, 55 Yale L. J. 623, 643 (1946).

As Justice Cardozo stated in United States v. Swift & Co., 286 U.S. 106, 114, 52 S.Ct. 460, 462, 76 L.Ed. 999 (1932):

"We are not doubtful of the power of a court of equity to modify an injunction in adaptation to changed conditions, though it was entered by consent . . . . Power to modify the decree was reserved by its very terms, and so from the beginning went hand in hand with its restraints. If the reservation had been omitted, power there still would be by force of principles inherent in the jurisdiction of the chancery. A continuing decree of injunction directed to events to come is subject always to adaptation. as events may shape the need . . . . The distinction is between restraints that give protection

to rights fully accrued upon facts so nearly permanent as to be substantially impervious to change, and those that involve the supervision of changing conduct or conditions and are thus provisional and tentative . . . . The result is all one whether the decree has been entered after litigation or by consent. . . . In either event, a court does not abdicate its power to revoke or modify its mandate if satisfied that what it has been doing has been turned through changing circumstances into an instrument of wrong."

We note that some of the cases relied upon by appellants Mechanex and Tenneco are those where the district court, after an appeal, modifies its original opinion in a manner contrary to the result ordered by the court of appeals. This did not occur here. *See*: Gulf Coast, etc. v. International Brotherhood of Electrical Workers, etc., 460 F.2d 105 (5th Cir. 1972); Butcher & Sherrerd v. Welsh, 206 F.2d 259 (3rd Cir. 1953).

Affirmed.