**LSLJ PARTNERSHIP,**
Plaintiff–Appellant,

v.

**FRITO–LAY, INCORPORATED,**
Defendant–Appellee.

No. 89–3555.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 7, 1990.

Decided Dec. 18, 1990.

Rehearing and Rehearing En Banc
Denied March 8, 1991.

Anthony S. DiVincenzo, Chicago, Ill., John C. Brezina, Brezina & Buckingham, Oak Brook, Ill., for plaintiff-appellant.

Louis C. Keiler, Kenneth H. Hoch, Earl E. Pollock, Sonnenschein, Nath & Rosenthal, Chicago, Ill., for defendant-appellee.

Before CUMMINGS and COFFEY, Circuit Judges, and GORDON, Senior District Judge.[*]

COFFEY, Circuit Judge.

The plaintiff-appellant appeals from an order of the district court denying plaintiff's motion to vacate a portion of the judgment under Rule 60(b) of the Federal Rules of Civil Procedure. We reverse and remand.

## I. Procedural Posture

Jays Foods, Inc. instituted this litigation in November 1978 against Frito–Lay, Inc., for violation of § 2 of the Sherman Act (15 U.S.C. § 2), § 2(a) of the Robinson–Patman Act (15 U.S.C. § 13(a)), and the Illinois Consumer Fraud and Deceptive Business Practices Act (Ill.Rev.Stat. Chap. 121½ §§ 261 et seq.)[1] alleging that the defendant engaged in anti-competitive conduct which included predatory pricing and geographic price discrimination. After entry of a number of summary judgment motions, the trial court entered judgment in favor of the defendant.[2] The plaintiff appealed these rulings, and on September 8, 1988, this court affirmed the trial court in an unpublished order. The Supreme Court on appeal denied the plaintiff's petition for a writ of certiorari.

One year after this court affirmed the trial court's disposition of the case, we issued an opinion in A.A. Poultry Farms, Inc. v. Rose Acre Farms, Inc., 881 F.2d 1396 (7th Cir.1989), which the plaintiff relies upon and claims represents a change in law, thus in conflict with the reasoning of the trial court in this action. The plaintiff filed a Motion to Vacate the Judgment in the trial court under Rule 60(b) of the Federal Rules of Civil Procedure. Plaintiff's motion sought to vacate the judgment on its Robinson–Patman Act claims.[3] The district court ruled that it was without jurisdiction to entertain plaintiff's 60(b) motion absent leave from this court. Thus, the district court did not rule on the merits of plaintiff's motion. Plaintiff appeals.

## II. Discussion

At the outset, we note that the issue before this court is whether the district court committed error in holding that it was without jurisdiction to entertain plaintiff's Rule 60(b) motion absent leave from this court.[4] We do not address the merits of the plaintiff's 60(b) motion and our re-

---

[*] Honorable Myron L. Gordon, Senior Judge for the Eastern District of Wisconsin, is sitting by designation.

1. On July 11, 1986, Jays Foods, Inc., assigned its causes of action against Frito–Lay to the LSLJ Company, which was owned by the shareholders of Jays Foods, Inc. In December 1986, LSLJ Company assigned its causes of action to LSLJ Partnership which is composed of the former shareholders of Jays Foods, Inc.

2. On August 1, 1985, the court entered summary judgment on plaintiff's claims under § 2 of the Sherman Act; on February 26, 1987, judgment was entered on plaintiff's claims under the Robinson–Patman Act; and on June 29, 1987, summary judgment on plaintiff's state law claim was entered.

3. Plaintiff alleges that the trial court rejected its Robinson–Patman Act claims by relying on Utah Pie Company v. Continental Baking Company, 386 U.S. 685, 87 S.Ct. 1326, 18 L.Ed.2d 406 (1967), a case which plaintiff claims held that the standard for predation under the Robinson–Patman Act is the same as the standard for predation under § 2 of the Sherman Act. Plaintiff argues that A.A. Poultry Farms held that two different predation standards apply to Robinson–Patman Act cases and § 2 cases. For pur-

poses of this opinion, we need not address whether A.A. Poultry Farms, Inc., represents a change of law in this circuit and we decline to do so. Our discussion is limited entirely to question of whether the district court had jurisdiction to entertain plaintiff's 60(b) motion.

4. **Rule 60. Relief From Judgment or Order.**
   \* \* \* \* \* \*
   **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

view is limited to the jurisdictional question.

At one time most circuits required that an appellant obtain leave of the court of appeals before filing a Rule 60(b) motion in a district court.[5] However, in 1976, the Supreme Court held that a district court may reopen a case which had been reviewed on appeal without leave from the court of appeals. *Standard Oil Co. of California v. United States*, 429 U.S. 17, 97 S.Ct. 31, 50 L.Ed.2d 21 (1976). In *Standard Oil*, the appellant sought leave to have the Supreme Court recall its mandate in order to reopen a judgment on the basis of alleged misconduct by both government counsel and a material witness. The Supreme Court denied the motion to recall the mandate, holding that a district court could entertain a Rule 60(b) motion without leave from the Supreme Court. *Id.* at 17, 97 S.Ct. at 31. While citing arguments that the appellate leave requirement protected the finality of the judgment as well as allowing the appellate court to screen out frivolous Rule 60(b) motions, the Supreme Court nonetheless found the arguments in favor of requiring appellate leave unpersuasive:

"Like the original district court judgment, the appellate mandate relates to the record and issues then before the court, and does not purport to deal with possible later events. Hence, the district judge is not flouting the mandate by acting on the motion ... Furthermore, the interest in finality is no more apparent in this situation than in any Rule 60(b) proceeding. Finally, we have confidence in the ability of the district courts to recognize frivolous Rule 60(b) motions. Indeed, the 'trial court is in a much better position to pass upon the issues presented in a motion pursuant to Rule 60(b).' "

*Id.* at 18 and 19, 97 S.Ct. at 31 and 32 (citations omitted). The Court further noted that the appellate leave requirement "burden[ed] the increasingly scarce time of the federal appellate courts [and saw] no reason to continue this 'unnecessary and undesirable clog on the proceedings.' " *Id.* at 19, 97 S.Ct. at 32 (citations omitted).

We recognize that plaintiff's 60(b) motion is based on an alleged change in law rather than prosecutorial misconduct as in *Standard Oil*. However, a change in law is an event arising after the appellate court mandate, and under the principles of *Standard Oil*, we believe that a district court has jurisdiction to address a change in law without "flouting the mandate" of the appellate court. The Fourth Circuit has held that a Rule 60(b) motion based on a change in decisional law does not require appellate court leave. *Patterson v. American Tobacco Company*, 634 F.2d 744 (4th Cir. 1980). Recently, this court recognized that *Standard Oil* eliminated the requirement of appellate leave even when judgment has been affirmed, *Landau & Cleary, Ltd. v. Hribar Trucking, Inc.*, 867 F.2d 996, 1001–1002 (7th Cir.1989), noting that the rule of appellate leave, while once the law, was "no longer correct." Moreover, in *Watson v. Symons Corp.*, 121 F.R.D. 351 (N.D.Ill. 1988), relief under Rule 60(b) was granted due to a change in law even though no appeal was taken.

Possibly in an effort to avoid the holding of *Standard Oil*, the defendant argues that the district court in effect ruled on the merits of the motion to vacate judgment and held that a change of law can never be the basis of relief under Rule 60(b). However, his argument that the court ruled on the merits of the motion is belied by the transcript filed in this court of the district court proceedings on the Plaintiff's Motion to Vacate:

"THE COURT: Well, on this one, gentlemen, I feel a little like Pontius Pilate, because it is out of my hands. I am certainly bound by whatever the court of appeals said in this case. In those circumstances, I deny the motion, and counsel does whatever he wants to do if he wants to persuade the court of

---

5. The Tenth Circuit had rejected the requirement, *Kodekey Electronics, Inc. v. Mechanex Corp.*, 500 F.2d 110, 112–113 (10th Cir.1974); this court had indicated that it "would probably not go as far to hold that appellate leave is necessary whenever relief is sought under Rule 60(b)(5)." *SEC v. Advance Growth Capital Corp.*, 539 F.2d 649, 650 (7th Cir.1976).

appeals they were wrong the first time.

COUNSEL FOR THE PLAINTIFF: Your Honor, I believe, I think you do have discretion, given the change in law, to review the judgment. I think that's what the Supreme Court did.

THE COURT: I don't believe so, not when the court of appeals has affirmed.

COUNSEL FOR THE PLAINTIFF: Well, your Honor, if that is your ruling, I don't think it is going to be fruitful to argue it at this point. So your Honor is denying the motion?

THE COURT: Sure, and then if you want to argue with them, tell them that you think they stiffed you the first time in view of what they have done since, you certainly are entitled to give it a shot.

COUNSEL FOR THE PLAINTIFF: Well, your Honor, so the record is clear, are you denying the motion because *you believe you do not have jurisdiction or discretion to hear the motion?*

THE COURT: *Yes.*

COUNSEL FOR THE DEFENDANT: Your Honor, I'm going to violate a cardinal rule by saying that even though the motion is granted, there are many other reasons why, even if your Honor did have discretion on this particular motion—

THE COURT: *Well, I haven't gotten into the merits at all."*

Contrary to the defendant's assertion, it is eminently clear that the district court did not rule on the merits of the plaintiff's Rule 60(b) motion and ruled merely that it was without jurisdiction and invited an appeal.[6] Thus, the trial court erroneously ruled that resolution of the appeal divested it of jurisdiction to entertain a Rule 60(b) motion.

### III. Conclusion

"A motion to vacate a judgment pursuant to Rule 60(b) is addressed to the sound discretion of a district court and a denial of a 60(b) motion will not be overturned on appeal in the absence of an abuse of discretion." *McKnight v. United States Steel Corp.*, 726 F.2d 333, 335 (7th Cir.1984). However, "[a] trial court may abuse its discretion by failing to exercise its discretion." *FMC Corp. v. Varonos*, 892 F.2d 1308, 1316 (7th Cir.1990); *see also United States v. Threw*, 861 F.2d 1046, 1049 (7th Cir.1988); *Hernandez v. Cepeda*, 860 F.2d 260, 266 (7th Cir.1988). Furthermore, the "abuse of discretion standard implies that the judge must actually exercise his discretion." *United States v. U.S. Currency, In the Amount of $103,387.27*, 863 F.2d 555, 561 (7th Cir.1988) (citing *In re American Reserve Corp.*, 841 F.2d 159, 162 (7th Cir. 1987)). In this case, the district court's erroneous denial of jurisdiction resulted in an abuse of its discretion when it failed to exercise any discretion in not reaching the merits of the plaintiff's Rule 60(b) motion. We reverse the district court's denial of plaintiff's Rule 60(b) motion and remand for a determination of the merits of the motion.

---

**6.** Counsel for the defendant either attempted to mislead this court at oral argument or failed to read the transcript of the proceedings in the district court by claiming that the district court never stated that it was without jurisdiction to consider the motion:

"COUNSEL FOR THE DEFENDANT: According to the plaintiff, Judge Moran held he did not have jurisdiction to consider this [motion]. That is absolutely not the case.

THE COURT. Did he hear arguments on the claim, Judge Moran?

COUNSEL FOR THE DEFENDANT· A hearing was held. The judge stated that he was not about to overrule the Seventh Circuit decision and said that 'I am certainly bound by what the court of appeals said in this case. In those circumstances I deny the motion and counsel does whatever he wants to do if he wants to persuade the court of appeals they were wrong.' The court further stated, 'if you want to argue with them and tell them that you think they stiffed you the first time, in view of what they have done since, you certainly are entitled to give it a shot.' *But at no time did the judge say that he was without jurisdiction to consider the matter."*

A review of the transcript from Plaintiff's Motion to Vacate clearly shows that the trial judge did in fact deny having jurisdiction to hear the motion.