935 F.2d 272
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Edmond L. SMITH Plaintiff-Appellant,
v.
Howard A. PETERS, III*, Director, Illinois
Department of Corrections, Joseph Galassi, James
Buch, Defendants-Appellees.
 No. 89-3180.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 8, 1991.**
Decided June 10, 1991.
 
 Before CUDAHY and COFFEY, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Pro se plaintiff Edmond Smith appeals from the denial of his motion for relief from judgment under Fed.R.Civ.P. 60(a) and (b). Smith alleged in his motion that he failed to object in a timely fashion to the magistrate's report and recommendation because the district court mailed the report to an incorrect address.
 
 
 2
 In 1986, Smith filed a complaint under 42 U.S.C. Sec. 1983 challenging regulations which require a prisoner to reveal the names of those who have threatened the prisoner before he or she can be transferred into protective custody. Judge Beatty assigned the case to Magistrate Cohn. The defendants filed a motion for summary judgment, which the magistrate granted. Smith appealed, but this court dismissed for lack of jurisdiction because the parties had not consented to entry of final judgment by the magistrate. Smith v. Lane, No. 88-1294, unpublished order (7th Cir. Apr. 10, 1989).
 
 
 3
 On remand, Judge Beatty reassigned the case to Magistrate Cohn for reconsideration. On June 5, 1989, Magistrate Cohn issued a report and recommendation in favor of granting the defendants' motion for summary judgment. The report included a notice informing the parties that objections, if any, were due within ten days of service of the report and that failure to file objections would result in a waiver of the right to appeal from the order of the district court. No objection having been filed, Judge Beatty, on July 21, 1989, agreed with the report and granted summary judgment.
 
 
 4
 On August 9, 1989, Smith filed a motion for relief from the order pursuant to Rule 60(a) and (b). He stated that he had just received in the mail Magistrate Cohn's June 5 report and recommendation. He added that even though he had notified the district court clerk's office that his address had been changed from the Centralia Correctional Center to the Dixon Correctional Center over one year prior, the magistrate's report and recommendation had been mailed to the Centralia address. As a result of the erroneous mailing by the clerk's office, Smith had no opportunity to respond to the magistrate's report and recommendation before Judge Beatty granted summary judgment.
 
 
 5
 The district court denied the motion, stating that although Smith claimed that he sent notification of the change of address to the clerk, the record did not contain the notice. Citing St. Louis v. Alverno College, 744 F.2d 1314 (7th Cir.1984), the court then stated that even if the clerk's office had received the notice, it was Smith's duty to ensure that the correct address was present in the file. The court then rejected Smith's objections to the magistrate's report and recommendation as untimely filed.
 
 
 6
 We review a district court decision to deny a motion for relief from judgment under Rule 60 for abuse of discretion. Browder v. Director, Department of Corrections of Illinois, 434 U.S. 257, 263 n. 7 (1978); LSLJ Partnership v. Frito-Lay, Inc., 920 F.2d 476, 479 (7th Cir.1990). A district court may abuse its discretion by failing to exercise its discretion. Id.
 
 
 7
 Smith argues that this case involves a mistake by the clerk's office rather than by himself and relies on both Rules 60(a) and 60(b)(1) for relief. Such motions for relief must be equitably and liberally applied to achieve substantial justice. Blois v. Friday, 612 F.2d 938, 940 (5th Cir.1980). Doubt should be resolved in favor of a judicial decision on the merits of a case. Id.
 
 
 8
 There is some overlap between Rule 60(a) and Rule 60(b)(1) for correcting errors by judicial clerks or those of oversight or omission. The scope of Rule 60(a) is not limited to "clerical mistakes" in judgments; it also covers errors arising from "oversight or omission." The Rule encompasses--amongst other things--errors of transcription, copying or calculation by the clerk. Klingman v. Levinson, 877 F.2d 1357, 1361 (7th Cir.1989); Bershad v. McDonough, 469 F.2d 1333, 1336 (7th Cir.1972). Fed.R.Civ.P. 60(b)(1), the other possible avenue for correcting clerical mistakes, applies to errors by judicial officers as well as parties. Wesco Products Co. v. Alloy Automotive Co., 880 F.2d 981, 985 (7th Cir.1989).
 
 
 9
 With that in mind, we turn to Smith's contention that it was a clerical mistake, rather than his own oversight, which lead to the incorrect mailing of the magistrate's report. He argues that on several occasions he informed the district court of his transfer to Dixon before the report issued because his mail was repeatedly sent to Centralia.[1] The court clerk's office must have received a change of address request at some point because the docket sheet shows Smith's Centralia address scratched out and the Dixon address added.
 
 
 10
 The State argues that the address may have been changed after the magistrate's report issued. This does not explain why the clerk's office failed to note on the docket sheet the receipt of a change of address notice or failed to include the notice in the record. Fed.R.Civ.P. 79(a) requires clerks to enter chronologically all papers filed with the clerk, including the nature of the paper filed. Because the docket sheet was corrected, a change of address request must have been filed. We think that it would be unfair to assume that Smith filed the request after the magistrate's report, particularly in the absence of a docket entry to that effect. Smith did list the Dixon address on his appearance form in this court on his first appeal. After we dismissed that appeal as premature, the record--with the new address--was transmitted back to the district court pursuant to Fed.R.App.P. 45(d).
 
 
 11
 Both the district court and now the appellees have relied on St. Louis. That case held that a 90-day time limit for filing of an employment discrimination suit began on the date that a right-to-sue notice was delivered to the most recent address that the plaintiff had provided to the Equal Employment Opportunity Commission. Id., 744 F.2d at 1316. The case turned on the meaning of an EEOC regulation which required people who have filed charges to notify the EEOC of any change of address. In that case, the claimant failed to notify the EEOC of the address change. In this case, Smith--as near as we can tell--has done so.
 
 
 12
 In our opinion, the clerk's office--through an oversight--failed to list the change of address request on the docket sheet and caused Smith to receive the magistrate's report late. Both Rule 60(a) and (b)(1) are designed to address such a mistake. Smith is entitled to file his response to the Magistrate's Report and Recommendation prior to the district court deciding whether summary judgment for the state is appropriate.
 
 
 13
 The decision of the district court denying the motion for relief under Rule 60 is REVERSED and REMANDED so that Smith may file his answer to the magistrate's report and recommendation.
 
 
 
 *
 Pursuant to Fed.R.App.P. 43(c)(1) we have substituted the name of Howard A. Peters, III, the incumbent director of the Illinois Department of Corrections, for Michael Lane, a predecessor
 
 
 **
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Smith includes in his appellate briefs copies of letters that he sent to the district court regarding his change of address and problems receiving mail. This evidence is outside the record presented to the district court and cannot be considered. United States v. Phillips, 914 F.2d 835, 840 (7th Cir.1990)