**In re Doris D. COBY, Debtor.**

**Bankruptcy BK–S–87–2615–LBR.**

United States Bankruptcy Court, D. Nevada.

May 10, 1993.

---

Bernard J. Knight, Jr., Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for the U.S.

Mark Segal, Segal & McMahan, Chartered, Las Vegas, NV, for debtor.

### ORDER GRANTING MOTION FOR RECONSIDERATION

LINDA B. RIEGLE, Bankruptcy Judge.

A hearing was held on February 18, 1993 on the Motion for Reconsideration submitted by the United States of America ("United States"). After having considered the papers and pleadings on file herein, and

having considered the oral argument of counsel, the Court finds it appropriate to grant the United States' Motion for Reconsideration.

### Factual and Procedural Background

The Debtor, Doris D. Coby ("Coby"), filed a voluntary petition under Chapter 13 on September 24, 1987. Coby listed her residence as an asset of the estate, and indicated that she intended to continue to reside at that residence. The Internal Revenue Service ("IRS") filed a proof of claim in the amount of $35,959.60. Coby objected to the IRS's proof of claim, and a hearing was held before this Court on December 11, 1989. The Court entered a Memorandum Decision and Order on January 26, 1990 sustaining Coby's objection, holding that Coby was entitled to deduct hypothetical costs of sale from the fair market value of her residence in determining the value of that asset with respect to the IRS's secured claim. *See In re Coby,* 109 B.R. 963 (Bankr.D.Nev.1990) (*"Coby* I").

The United States appealed the Court's decision. On appeal, the district court affirmed this Court's decision in pertinent part, but remanded to determine the appropriate percentage of fair market value to be used to establish the amount of hypothetical costs. *In re Coby,* 126 B.R. 593 (D.Nev.1991) (*"Coby* II"). The United States appealed *Coby* II to the Ninth Circuit Court of Appeals, but its appeal was voluntarily dismissed without prejudice because it was filed prematurely. On remand, this Court orally ruled that 11% of fair market value would fairly represent hypothetical costs that would be incurred upon disposition of Coby's residence, but no written order was ever entered by this Court, or submitted by the parties.

### Issues

1. Whether the Court must or may reconsider its order entered January 24, 1990, which was affirmed in relevant part by the United States District Court.

A. Whether the law-of-the-case doctrine is applicable to the instant motion, and, if so, whether its application is discretionary.

B. Whether the Ninth Circuit Court of Appeals' decision in *Lomas Mortgage USA v. Wiese,* 980 F.2d 1279 (9th Cir. 1992) constitutes "an intervening change in the law".

### Legal Discussion

■ The United States filed its motion to reconsider this Court's decision in *Coby* I, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. That rule provides that a motion to alter or amend a judgment shall be served no later than 10 days after entry of the judgment. The Ninth Circuit has held that an untimely motion for reconsideration shall be construed as a motion for relief from judgment in accordance with Rule 60(b). *See Mt. Graham Red Squirrel v. Madigan,* 954 F.2d 1441 (9th Cir.1992). Rule 60(b) provides that the motion must be filed within "a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment ... was entered or taken."[1] The *Lomas* decision was entered on December 4, 1992, and the United States filed its motion for reconsideration on January 19, 1993. The Court finds that the motion was filed within a reasonable time.[2]

■ The United States is correct in its contention that this Court must reconsider its original judgment if the Ninth Circuit's decision in *Lomas* is "intervening controlling law." Under the law-of-the-case doctrine, a court is generally precluded from reconsidering issues which have been previously decided by the same or a higher court in the identical case. *See Thomas v. Bible,* 983 F.2d 152 (9th Cir.1993). Although application of the doctrine is discretionary [*United States v. Mills,* 810 F.2d 907, 909 (9th Cir.1987), *cert denied,* 484 U.S. 832, 108 S.Ct. 107, 98 L.Ed.2d 67 (1987)], a

1. The United States' motion is not based upon any of the enumerated grounds for relief set forth in Rule 60(b). The only grounds upon which the motion could be considered are set forth in subsection (6); i.e., for any other reason justifying relief from the operation of the judgment.

2. The Debtor has not objected to the timeliness of the United States' motion for reconsideration.

court properly exercises its discretion to reconsider an issue previously decided in only three instances: (1) when the first decision was clearly erroneous and would result in manifest injustice; (2) when the evidence on remand was substantially different; or (3) *when an intervening change in the law has occurred. Milgard Tempering, Inc. v. Selas Corp. of America,* 902 F.2d 703 (9th Cir.1990).

The Ninth Circuit has recognized that a prior decision should not be followed if "controlling authority has since made a contrary decision of the law applicable to such issues." *Toussaint v. McCarthy,* 801 F.2d 1080, 1093 (9th Cir.1986), quoting *Kimball v. Callahan,* 590 F.2d 768, 771–772 (9th Cir.1979), *cert. denied,* 444 U.S. 826, 100 S.Ct. 49, 62 L.Ed.2d 33 (1979). *See also Handi Investment Co. v. Mobil Oil Corp.,* 653 F.2d 391 (9th Cir.1981); *Amen v. City of Dearborn,* 718 F.2d 789 (6th Cir.1983).

The issue thus becomes whether *Lomas* constitutes an intervening change in the law. The facts of *Lomas* are essentially identical to the facts in *Coby.* Lomas Mortgage held a security interest in the Wieses' residence. On appeal, the Wieses argued that the district court erred by holding that, because the residence would be retained by the debtor, it would be inappropriate to deduct transaction costs from the value. The Ninth Circuit agreed, holding that hypothetical costs of sale shall *not* be deducted from the value of the secured claim if the residence is being retained; sales costs are to be deducted only if there is an actual sale. *Lomas,* 980 F.2d at 1285, 1286.

This Court and the district court on appeal followed the Ninth Circuit Bankruptcy Appellate Panel's decision in *In re Malody,* 102 B.R. 745 (9th Cir.BAP 1989), in holding that hypothetical costs of sale should be deducted from the IRS' secured claim even though Coby was retaining her residence. Although this Court may be required to follow the decisions rendered by the Bankruptcy Appellate Panel, the district court is not. Both courts, however, must follow rules of law announced by the Ninth Circuit. *Zuniga v. United Can Co.,* 812 F.2d 443, 450 (9th Cir.1987). This Court would have followed the holding in *Lomas* if that decision had been rendered at the time the judgment in *Coby* I was entered. Accordingly, since *Lomas* is directly on point and contradicts the decision in *Coby* I, *Lomas* constitutes an "intervening change in the law." This Court has the discretion to reconsider its earlier decision, even though it has been affirmed in pertinent part on appeal. In fact, it may be an abuse of discretion for the Court not to do so. *See LSLJ Partnership v. Frito–Lay, Inc.,* 920 F.2d 476 (7th Cir.1990).[3]

Finally, Coby has argued that the Ninth Circuit is the more appropriate court to "explain" and "interpret" its holding in *Lomas.* While that may be true, this Court must follow the holdings of the Ninth Circuit so long as there is no contrary United States Supreme Court decision. *Zuniga,* 812 F.2d at 450. Since the issue regarding the value of the IRS's secured claim in Coby's residence has not yet been appealed to and considered by the Ninth Circuit, the parties still have the opportunity to bring this matter before that court for its consideration and interpretation in light of *Lomas.*

### Conclusion

For the reasons stated above, and in the interest of judicial economy, the Court finds it appropriate to grant the IRS's motion for reconsideration, and to render a new and final decision that hypothetical costs of sale shall not be deducted from the IRS's secured claim, overturning *Coby* I.

IT IS SO ORDERED.

---

**3.** The Court agrees with the Debtor that the holdings in *Lomas* and in *In re Mitchell,* 954 F.2d 557 (9th Cir.1992), *cert. denied, G.M.A.C. v. Mitchell,* —— U.S. ——, 113 S.Ct. 303, 121 L.Ed.2d 226 (1992), at first glance at least, appear to be conflicting. However, the facts set forth in *Lomas* are almost identical to the facts in the instant case, and the holding in *Lomas* is directly on point with the issues to be reconsidered herein. The Court cannot ignore the Ninth Circuit's holding simply because it may arguably be criticized.