In re Doris D. COBY, Debtor.

Doris D. COBY, et al., Appellant,

v.

UNITED STATES of America, Appellee.

Bankruptcy No. BK–S–87–2615 LBR.

Civ. No. CV–S–93–539–PMP (RLH).

United States District Court,
D. Nevada.

Dec. 2, 1993.

Mark Segal, Segal & McMahan, Las Vegas, NV, for debtor, appellant.

Kathleen McDonald, Las Vegas, NV, Trustee.

Bernard J. Knight, Jr., Tax Div., U.S. Dept. of Justice, Washington, DC, for appellee.

## OPINION

PRO, District Judge.

This is an appeal from a Final Order (# 10) entered by the United States Bankruptcy Court (D.Nev.) on May 10, 1993, which granted Appellee's Motion for Reconsideration of the Bankruptcy Court's Memorandum Decision and Order entered on January 26, 1990, holding that Debtor/Appellant was entitled to deduct hypothetical costs of sale from the fair market value of her residence in determining the value of that asset with respect to a secured claim held by the Internal Revenue Service ("IRS"). *See In re Coby*, 109 B.R. 963 (Bankr.D.Nev.1990).

### FACTUAL AND PROCEDURAL BACKGROUND

Debtor/Appellant Doris D. Coby ("Coby"), filed a voluntary petition under Chapter 13 with the United States Bankruptcy Court on September 24, 1987. Coby listed her residence as an asset of the estate, and indicated that she intended to continue to reside at that residence. The IRS filed a proof of claim with the Bankruptcy Court for back taxes in the amount of $36,959.00 secured by a lien on Coby's residence in North Las Vegas, Nevada.

Coby objected to the claim arguing, *inter alia*, that for purposes of providing for the claim under 11 U.S.C. § 1325(a)(5), the "allowed secured claim" as defined by 11 U.S.C. § 506(a) must be computed by deducting the hypothetical costs of sale of the real property in question. There is no indication that any income is derived or is to be derived from the use or occupancy of the home. At the close

of bankruptcy, Coby will retain the real property in question as her residence.

The Bankruptcy Court held that the issue of whether a deduction should be made for the hypothetical costs of sale had already been resolved in the Ninth Circuit by the Bankruptcy Appellate Panel in *In re Malody*, 102 B.R. 745 (9th Cir. BAP 1989). Accordingly, the Bankruptcy Court found in favor of Debtor, Doris Coby. *See In re Coby*, 109 B.R. 963 (Bankr.D.Nev.1990) (*"Coby I "*).

Appellee United States of America ("United States") appealed the Bankruptcy Court's decision. On appeal, this Court affirmed the decision of the Bankruptcy Court in pertinent part, but remanded to determine the appropriate percentage of the fair market value to be used to establish the amount of hypothetical costs. *In re Coby*, 126 B.R. 593 (D.Nev.1991) (*"Coby II "*). The United States appealed *Coby II* to the Ninth Circuit Court of Appeals, but its appeal was voluntarily dismissed without prejudice because it was filed prematurely. On remand, the Bankruptcy Court orally ruled that 11% of the fair market value would fairly represent hypothetical costs that would be incurred upon disposition of Coby's residence, but no written order was entered by the Bankruptcy Court, or submitted by the parties.

On January 19, 1993, the United States filed a Motion for Reconsideration (# 4) requesting that the Bankruptcy Court reconsider its decision in *Coby I* in light of the Ninth Circuit's decision in *Lomas Mortg. USA v. Wiese*, 980 F.2d 1279 (9th Cir.1992). The Bankruptcy Court, in granting the United States' Motion for Reconsideration, found that *Lomas* constituted an "intervening change in the law," rendered a new and final decision that hypothetical costs of sale shall not be deducted from the IRS's secured claim, and overturned *Coby I*.

Subsequent to the Bankruptcy Court's decision overturning *Coby I*, the United States Supreme Court granted certiorari in *Lomas*. The Supreme Court vacated the judgement of the Ninth Circuit Court of Appeals and

remanded the case for further consideration in light of *Nobelman v. American Savings Bank*, —— U.S. ——, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993). *Lomas Mortg. USA v. Wiese*, —— U.S. ——, 113 S.Ct. 2925, 124 L.Ed.2d 676 (1993), *vacating judgment*, 980 F.2d 1279 (9th Cir.1992). As a result, the Ninth Circuit vacated the orders of the Alaska District Court and remanded the case for further proceedings consistent with the decision of the Supreme Court. *Lomas Mortg. USA v. Wiese*, 998 F.2d 764 (9th Cir.1993).

Appellant Coby appeals the Final Order (# 4) of the Bankruptcy Court granting the United States' Motion for Reconsideration. 154 B.R. 316. Appellant filed her Opening Brief (# 39) on October 5, 1993. Appellee United States filed its Responding Brief (# 43) on October 25, 1993. On November 8, 1993, Appellant filed her Reply Brief (# 45).

### STANDARD OF REVIEW

■ In reviewing questions of fact, the Bankruptcy Court's findings shall not be set aside unless they are clearly erroneous. *In re Taylor*, 884 F.2d 478, 480 (9th Cir.1989); *In re Bloom*, 875 F.2d 224, 227 (9th Cir. 1989). Issues of law are reviewed *de novo*. *In re Lockard*, 884 F.2d 1171, 1174 (9th Cir.1989). All of the issues presented on this appeal are questions of law.

### DISCUSSION

■ Appellant Coby raises the following issue on appeal:

Whether, under 11 U.S.C. § 506(a), the hypothetical costs of sale of a Chapter 13 debtor's non-income producing residence must be deducted in determining the amount of the allowed lien claim of the Internal Revenue Service secured by such residence, notwithstanding the Debtor's retention of the home pursuant to the terms of her Chapter 13 plan.

Appellant's Opening Brief (# 39) at 3.[1]

The question presented by Appellant on appeal is the same one that was previously

---

1. In its Reply brief, the United States attempts to argue that the scope of this Court's review of the Bankruptcy Court's decision should be limited to a determination of whether the Bankruptcy

Court abused its discretion in granting the Motion for Reconsideration. However, Coby does not assert that the Bankruptcy Court abused its discretion in granting the Motion for Reconsider-

decided by the Bankruptcy Court in *Coby I*, and affirmed by this Court in *Coby II*. However, the Bankruptcy Court reconsidered and reversed its decision in *Coby I* because it felt mandated to do so by the Ninth Circuit's decision in *Lomas*. As *Lomas* has since been vacated by the Supreme Court, the issue becomes what effect, if any, does the Supreme Court's decision in *Lomas* have upon the Bankruptcy Court's Order granting the Motion for Reconsideration?

In granting the Motion for Reconsideration and overturning its decision in *Coby I*, the Bankruptcy Court stated:

> This Court and the district court on appeal followed the Ninth Circuit Appellate Panel's decision in *In re Malody*, 102 B.R. 745 (9th Cir. BAP 1989), in holding that hypothetical costs of sale should be deducted from the IRS's secured claim even though Coby was retaining her residence. Although this Court may be required to follow decisions rendered by the Bankruptcy Appellate Panel, the district court is not. Both courts, however, must follow the rules of law announced by the Ninth Circuit.... This Court would have followed the holding in *Lomas* if that decision had been rendered at the time the judgment in *Coby I* was entered. Accordingly, since *Lomas* is directly on point and contradicts the decision in *Coby I*, *Lomas* constitutes an "intervening change in the law."

Order Granting Motion for Consideration (#10) at 5 (citations omitted). The Bankruptcy Court, relying entirely upon *Lomas*, concluded that it was appropriate "to render a new and final decision that hypothetical costs of sale shall not be deducted from the IRS's secured claim." *Id.* at 7.

Thus, it is clear the Bankruptcy Court based its decision to reconsider its previous ruling in *Coby I* solely on the Ninth Circuit's holding in *Lomas*. However, since *Lomas* has since been vacated by the Supreme Court, it can neither be considered binding authority by the courts of this Circuit, nor can it be relied upon as support for the United States' position. Thus, while the Bankruptcy Court did not abuse its discretion in granting the United States' Motion for Reconsideration because of the existence of *Lomas* constituted an "intervening change in the law" at the time of the ruling, *Lomas* no longer retains that status, and therefore the entire basis for the granting of the Motion for Reconsideration no longer exists. Consequently, the Bankruptcy Court's Order granting the United States' Motion for Reconsideration must be reversed.[2]

IT IS THEREFORE ORDERED THAT the Final Order (#10) entered by the United States Bankruptcy Court (D.Nev.) granting Appellee's Motion for Reconsideration (#4) is reversed.

IT IS FURTHER ORDERED THAT the rulings of the Bankruptcy Court in *In re Coby*, 109 B.R. 963 (Bankr.D.Nev.1990), and this Court in *In re Coby*, 126 B.R. 593 (D.Nev.1991), are reinstated and binding on the issue of the deduction hypothetical costs of sale from the fair market value of Coby's residence in determining the value of that asset with respect to a secured claim held by the Internal Revenue Service ("IRS").

---

ation, as *Lomas* was Ninth Circuit law at the time of the decision. The issue is the effect of the Supreme Court's subsequent decision to vacate *Lomas* upon the decision of the Bankruptcy Court. Accordingly, the Court refuses to accept such a narrow definition of the issues presently before it.

**2.** *Lomas* was vacated and remanded for consideration in light of *Nobelman v. American Savings Bank*, — U.S. —, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993). *Lomas Mortg. USA v. Wiese*, — U.S.

—, 113 S.Ct. 2925, 124 L.Ed.2d 676 (1993), *vacating judgment*, 980 F.2d 1279 (9th Cir.1992). However, *Nobelman* did not address the issue of hypothetical costs presently before the Court. Thus, *Lomas* was vacated on unrelated grounds. Had *Nobelman* addressed the issue of hypothetical costs, this Court would have considered Coby's appeal in light of that decision. In any event, although *Nobelman* addresses and unrelated issue, the entire decision in *Lomas* was vacated by the Supreme Court.