79 F.3d 1150
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Vincent TREDWAY, Petitioner-Appellant,
v.
Al C. PARKE, Respondent-Appellee.
 No. 95-3034.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 14, 1996.*
Decided March 14, 1996.
 
 Before POSNER Chief Judge, and MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Vincent Tredway appeals the district court's denial of his motion for relief from judgment, Fed.R.Civ.P. 60(b). We affirm.
 
 FACTS
 
 2
 In 1992, Tredway filed a petition for a writ of habeas corpus, 28 U.S.C. § 2254, challenging the constitutionality of his prior theft conviction that was being used to enhance his current sentence for rape. The district court denied the petition. On September 13, 1994, this court affirmed the district court. See Tredway v. Farley, 35 F.3d 288 (7th Cir.1994), cert. denied, 115 S.Ct. 941 (1995). Tredway petitioned for a writ of certiorari, but the Supreme Court declined review on January 23, 1995. Undaunted, on June 15, 1995, Tredway filed a motion for relief from judgment, pursuant to Fed.R.Civ.P. 60(b), on the grounds that this court had erred in concluding his petition was procedurally barred. The district court denied the motion in a brief order, which stated:
 
 
 3
 The case has long since been closed and the decision of this court has been upheld on appeal. The relief sought by the June 15, 1995 motion for relief from judgment filed by the petitioner is hereby DENIED WITHOUT PREJUDICE.
 
 
 4
 (Order of June 16, 1995). Tredway appealed the district court's decision on the grounds that the district court erroneously concluded his motion was not timely.
 
 ANALYSIS
 
 5
 Tredway is correct that the district court had jurisdiction to hear his Rule 60(b) motion, even after this court ruled on the merits of the underlying judgment. See LSLJ Partnership v. Frito-Lay, Inc., 920 F.2d 476 (7th Cir.1990). However, relief under Rule 60(b) is an extraordinary remedy that is granted only in exceptional circumstances. Dickerson v. Board of Education of Ford Heights, IL., 32 F.3d 1114, 1116 (7th Cir.1994). A district court's decision to grant or deny Rule 60(b) relief is entitled to great deference, and will be reversed only if the district court abused its discretion. Jones v. Phipps, 39 F.3d 158, 162 (7th Cir.1994). Further, all Rule 60(b) motions must be "made within a reasonable time." Fed.R.Civ.P. 60(b).
 
 
 6
 Tredway's motion came nine months after this court issued its decision and more than five months after the Supreme Court declined review. Tredway's only contention is that this court's analysis was erroneous, a claim Tredway would have been aware of as of September 13, 1994. The district court did not abuse its discretion in concluding the motion was untimely. See Phipps, 39 F.3d at 165 (5 week delay not the quick action contemplated by Rule 60).
 
 
 7
 Further, even were we to consider the merits, Tredway's claim would fail. Tredway frames his motion as a challenge to this court's order; however, the district court is without authority to review this court's decisions. Construing the pro se motion as a challenge to the original district court judgment does not help matters. Tredway largely reargues that he should not be held accountable for post-conviction counsel's dilatoriness. Rule 60(b) motions are not for the purpose of rehashing old arguments. See In Re Oil Spill by Amoco Cadiz, 794 F.Supp. 261, 266 (N.D.Ill.1992), aff'd., 4 F.3d 997 (7th Cir.1993). In addition, the law is clear that because there is no right to counsel in state post-conviction proceedings, any attorney error which leads to the default of petitioner's claims in state court "cannot constitute cause to excuse the default in federal habeas." Coleman v. Thompson, 111 S.Ct. 2546, 2568 (1991).
 
 AFFIRMED.[1]
 
 
 *
 Appellee has not filed a brief on appeal. See Circuit Rule 31(d). After an examination of the brief and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the petitioner's brief and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 As was the case in the original judgment, the district court erred by making the dismissal without prejudice. Unfortunately, as before, there is no cross-appeal, so we will not modify the judgment. See Tredway, 35 F.3d at 296